[No. 380. Decided January 29, 1892.]

A. L. DAVIS, *Appellant,* v. F. ERICKSON AND CHARLES
ERICKSON, *Respondents.*

NEGOTIABLE INSTRUMENTS—ASSIGNMENT—ACTION BY ASSIGNOR AGAINST
PAYOR—SUPPLEMENTAL PLEADINGS.

In an action by the payee of a promissory note against the maker
thereof, a complaint alleging that the payee assigned said note to a
certain bank as security for a loan, and that the bank though requested
thereto, refuses to bring suit after the maturity of said note, fails to
show a right of action in the plaintiff.

In such a case, where the defendant pays the notes to the bank
after the institution of suit against him by the plaintiff, a supple-
mental complaint against defendant claiming reasonable attorney's
fees, and all. ging collusion between the bank and the payors of
the note to prevent plaintiff obtaining judgment for his attorney's
fees, is insufficient as a supplemental pleading under § 114, Code
1881.

Where a demurrer to a complaint has been sustained and the plain-
tiff given twenty days to file an amended complaint, and he does not
give notice of an intention to ask leave to file an amended or supple-
mental complaint until more than forty days after the time granted
had expired, no application for further time having been made nor
any attempt to justify the delay, the refusal of the court to allow
the filing of a supplemental complaint is not an abuse of discre-
tion.

*Appeal from Superior Court, Lewis County.*

The facts in this case are stated in the opinion.

*Herren & Langhorne,* for appellant.
*C. B. Reynolds,* and *George E. Rhodes,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This was an action by appellant Davis
upon two certain promissory notes of one thousand dollars
each, given by defendants F. Erickson and Chas. Erick-
son, on the 8th day of November, 1890, with interest at the

rate of ten per centum per annum, each note providing for a reasonable attorney's fee in case of suit to collect the same. The complaint, after stating the usual allegations in such cases, including refusal to pay, proceeds to set forth the fact that, after the execution and delivery to him of the two notes mentioned, he borrowed one thousand and twenty dollars of the First National Bank of Centralia, and that he regularly assigned and transferred to the said bank the said two notes sued on as security for the said sum of money borrowed. There is also an allegation that on divers occasions he requested and demanded the First National Bank of Centralia to institute suits upon the said notes for collection thereof, but that the bank had refused and still refuses to do so. Plaintiff prayed for judgment against the defendants for the amount of the two said notes with interest, and for an attorney's fee of two hundred and fifty dollars, and asked the court to decree that the said First National Bank of Centralia have a subsisting lien upon the judgment asked for, for the full and complete satisfaction of the demand owing from the plaintiff to the said bank. The defendant moved to strike out certain portions of the complaint, to make others more definite and certain, and demurred to the complaint for the following reasons: (1) That there was a defect of parties plaintiff or defendant; (2) that the court has no jurisdiction of the person of the First National Bank of Centralia; (3) that the plaintiff has no legal capacity to sue the defendants; (4) that several causes of action have been improperly united; (5) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court on the ground that there was a defect of parties defendant, and the court observed that that being decisive of the case it would not notice the other questions raised. Judgment was entered for defendants for costs, and plaintiff appealed.

The form of the demurrer is objected to by the appel-

lant; but while the demurrer may have been inartificial in form, the complaint is so manifestly faulty in almost every particular that it could not possibly support the judgment asked for. Outside of the redundant matters moved against in the motion to strike, and which motion the court undoubtedly would have sustained if it had reached that objection, the complaint affirmatively shows that the bank, and not the plaintiff, was the owner and holder of the notes sued on, and that the said notes had been assigned to the bank for a valuable consideration. This was a transfer sufficient to enable the bank to maintain the action which the plaintiff is now assuming to maintain. This doctrine is universal. See *Swift v. Tyson,* 16 Pet. 1; *Tarbell v. Sturtevant,* 26 Vt. 513, and cases cited; *Bange v. Flint,* 25 Wis. 544, and cases cited; also, 1 Daniel, Neg. Inst., § 834.

The plaintiff, according to his own complaint, was neither the owner of the notes nor entitled to the possession of them. All the interest he had in the notes was the balance over the amount necessary to pay his debt to the bank, and for that amount the bank was his trustee. Notes assigned for security would be of very little practical benefit to the assignee if the assignor could proceed to collect them after the assignment. The appellant insists that he was providing a remedy for the bank by asking the court to decree a lien on the judgment in favor of the bank for the amount of the bank's interest in the notes. But the interest of the bank could not possibly be affected, or any right that it had in the notes changed into a lien on some other property, or in any manner determined in this action, for the simple reason that it was in no sense a party to the action, and there had been no attempt to make it such. The allegation that the defendants would not pay the amount due on these notes to the plaintiff is a meaningless allegation, for, according to the complaint, the bank was the payee and the only party to whom the notes could be paid; and

the only way by which plaintiff could obtain possession of
or the right to collect said notes was to pay the bank the
amount for the payment of which the notes were pledged.
If the bank had refused to collect said notes in violation of
their contract, to the damage of plaintiff, in a proper action
against the bank he might recover his damages, but it is too
plain for discussion that, under the statement of facts set
up in the complaint, plaintiff has no ground of action
against the defendants, and that the demurrer was properly
sustained.

The appellant also assigns as error the action of the
court in refusing to allow him to file a supplemental com-
plaint, and relies on § 114 of the code, which provides that
the court may, on motion, allow supplemental pleadings, as
showing facts which accrued after the former pleadings were
filed.    This so-called supplemental complaint, however, we
think, was not a supplemental complaint at all.    It is true
that it showed a fact which occurred after the original
complaint had been filed, viz.: That the notes had been
paid in full by the defendants to the bank; that the bank
had applied so much of the proceeds thereof as would fully
pay and discharge the note due the bank by plaintiff, and
had paid over to the plaintiff the balance thereof on the
27th day of May, 1891.    And it is alleged that no attor-
ney's fees had been paid on said notes, and that there was
a collusion between the bank and the payors of the note,
the defendants in the action, to prevent appellant from ob-
taining judgment for his attorney's fees.    But if the court
did not err in sustaining the demurrer to this complaint,
and the appellant had no cause of action against the de-
fendants, they certainly had a right to make payment to
the bank, and to pay their notes without the payment of
attorney's fees; and the matters and things set up in ap-
pellant's complaint would not constitute a cause of action,
and if it did it would be a new cause of action, entirely in-

42—3 wash.

dependent of the first, and not in any sense supplemental. Reasonable attorney's fees, provided for in the notes, seem to be the basis of the last complaint, but there is no allegation in the original complaint of what a reasonable attorney's fee is in that action. The reasonableness of an attorney's fee is a matter of proof, like any other fact in the case, and before it can be proven it must be alleged; so there could have been no recovery for attorney's fees under the first complaint.

But back of all this, the right to file supplemental pleadings, or amendments of any kind, is largely discretionary with the court, and the action of the court will only be reviewed for an abuse of discretion. In this case the demurrer to the complaint was sustained on the 13th day of June, and plaintiff was given twenty days in which to file an amended complaint, but no complaint was filed within that time. In fact, the record shows that no complaint had been filed on the 20th day of July, nearly three weeks after the time allowed by the court, at which time the defendants moved for judgment on the demurrer, and no notice of an intention to ask leave to file an amended complaint was given until the 15th day of August, more than forty days after the time granted had expired, and no application for further time had been made. Neither is there any attempt to justify the delay. In fact, the supplemental complaint shows that there could have been no justification, for it alleges that the matters and things set up therein came to appellant's notice on the 27th of May, two weeks prior to the ruling of the court on the demurrer. We think there was no error of the court in not allowing the appellant to file a supplemental complaint.

For the reasons given, the judgment is affirmed.

ANDERS, C. J., and HOYT, SCOTT and STILES, JJ., concur.