[No. 659.   Decided February 14, 1893.]

THE FAIRHAVEN LAND COMPANY *et al.*, *Respondents*, v. R. C. JORDAN, CARMI DIBBLE AND JAMES P. DEMATTOS, *Appellants*.

REFERENCE — ADDITIONAL TESTIMONY — MECHANICS' LIENS — SUFFICIENCY OF CLAIM — ASSIGNMENT — VERIFICATION — EVIDENCE.

Where the order of the court setting aside the report of a referee and ordering the cause to be retried before the court is unobjected to, the admission of testimony, other than that taken before the referee, is harmless error, when it adds nothing material to the plaintiff's case and is without prejudice to the defendants.

It sufficiently appears from a lien notice that the materials were furnished to be used in a certain building when the preamble alleges that the sub-contractor furnished material actually used in the construction of the building and a subsequent portion of the notice alleges that the contract was for materials for the building.

The contractual relation between owner and agent is sufficiently alleged in a lien notice by the recital that a certain person, as agent of the owner named, contracted for the materials for which lien is claimed.

A lien notice for lumber furnished is insufficient which does not otherwise indicate the character of the material than by reciting: "Bought of the Fairhaven Land Co., manufacturer and dealer in

rough and dressed lumber, sash, doors, shingles and blinds." "1890, Aug. 14. To mdse., $93.90."

The fact that the law implies an agreement to pay upon delivery does not render a statement of such legal rule essential in a lien notice as a term or condition required to be recited.

A claim of lien for a balance of account upon materials furnished is insufficient.

Where a party has a contract to furnish all the bricks used in a building and delivers a quantity at the ruling market price, the fact that he subsequently throws off fifty cents a thousand when the price falls is a mere modification of the original contract and not a different one, and delivery to the contractor's bondsmen after he had left the country, to be used by them in the construction of the building, is a delivery under the contract.

The assignee of a lien, after the commencement of a suit to foreclose the same, may be substituted as a party plaintiff.

Where the body of a lien notice shows that a certain amount it due after deducting all just credits and offsets, a verification thas the affiant "has read the foregoing statement of notice of lien, . . . and that said statement is true, as he verily believes," sufficiently complies with the statutory requirement that the verification be "to the effect that the affiant believes the same to be just."

The introduction of an original lien notice in evidence, with the auditor's certificate that it was "as the same appears of record," etc., is sufficient proof of the fact and date of record.

The knowledge of the owner that materials were furnished for his building is not ground for sustaining a defective lien thereon.

*Appeal from Superior Court, Whatcom County.*

*Bruce & Brown,* for appellants.

*Cole & Romaine (Kerr & McCord,* of counsel), for respondents.

The opinion of the court was delivered by

STILES, J.—This action was brought to foreclose five mechanics' liens upon the property of the defendant Demattos. The lien claimants joined in their complaint, which set out each claim in a separate cause of action. The cause was referred by the consent of the parties, under the provisions of chapter 5, title 7, Code of Procedure. The

referee took the proofs and made his report upon the testimony and his findings of fact and conclusions of law. To this report the defendant excepted, on the ground that the findings of fact were contrary to the evidence, and the conclusions of law were not warranted by the findings of fact. These exceptions the court sustained, and ordered that the report be in all things set aside, and held for nothing. The same order set the case for trial before the court at a future day.

Before the trial the plaintiffs were allowed to file an amended complaint, and the parties stipulated that the testimony taken before the referee should stand as though it had been taken before the court at the hearing ordered by it. The cause proceeded to judgment, and errors are assigned on the ground that the court permitted other testimony than that reported by the referee to be introduced, and that the court allowed the amended complaint to be filed. The most that can be said on this point is, that the action of the court was apparently irregular in permitting additional evidence to be taken without some showing of its having been inadvertently omitted. The statute evidently contemplates that the court, after the reference, shall only revise the findings of fact and conclusions of law upon the testimony produced before the referee, and to bring about the admission of further testimony there ought, certainly, in such a case, to be a showing made by the party desiring to produce such testimony to authorize any such proceeding. But in this case the order of the court setting aside the report of the referee, and ordering the same to be retried, was unobjected to, and inasmuch as the subsequent testimony produced nothing that was really material to plaintiff's case in addition to what had been testified to before the referee, we think the error, if any, was without any prejudice to the defendants. Besides which, this was an equity cause, and although § 389 of the

statute provides that the conclusions of the referee's report shall be deemed and considered as the verdict of a jury, it may well be questioned whether the report of a referee in an equitable action is entitled to any greater consideration than the verdict of a jury in an equitable action, viz., that of an advisory finding.

A great number of objections are made to plaintiff's lien notices, and it is claimed that in many particulars the statements of the liens do not accord with the evidence produced in their support.

*First:* It is said that the liens do not show that the materials were furnished to be used in the building, but only that they were so used. But this point is not well taken, since upon reference to the liens we find that although in the preamble it is only alleged that the sub-contractor furnished material actually used in the construction of the building, a subsequent portion of the liens alleges that the contract was for materials for the building.

*Second:* Each lien alleges that "R. C. Jordan is the name of the contractor who (on a given date), as such contractor and agent of said owner, entered into an oral contract with the claimant," etc., and there was no further allegation of the existence of such a relation between defendant and Jordan as the statute makes sufficient to charge a building with a lien. The lien accrues for materials furnished, whether furnished at the instance of the owner of the building "or his agent." We have held that the naming of one person as the owner of the land, and the statement that another person was the contractor, without any allegation of contractual relation between the two, did not satisfy the statute; *Warren v. Quade*, 3 Wash. 750 (29 Pac. Rep. 827); but where the statutory requirement is so squarely met as it is here, by the recital that Jordan, as agent of the owner named, contracted for the materials, we think further particularity was unnecessary. Upon the trial it developed

that Jordan's agency was by reason of his having a contract for the erection of the building, so that the statement in the lien notice was made good.

*Third:* Each lien notice contained the following clause: "And the following is a statement of the articles so furnished under said contract, hereto itemized and annexed, marked exhibit A, and made a part of this notice." The exhibits contained bills of items sufficiently definite, except in the case of the Fairhaven Land Company. This company filed two lien notices, in which it was set out that the claimant was a "dealer in rough and dressed lumber." Its exhibits were the usual merchants' bill heads, reciting: "Bought of the Fairhaven Land Company, manufacturer and dealer in rough and dressed lumber, sash, doors, shingles and blinds." Then followed in regular bill form a number of items, each in form like the following: "1890, Aug. 14. To mdse., $93.90." There was no other indication of the character of the materials in the notices; but the proof showed that the entire bill, amounting to upward of $1,600, was for lumber, which had been furnished at the agreed price of $12 for rough, and $22.50 for dressed, per thousand feet. Counsel for respondent says this charge for "mdse." shows a charge for lumber, but why might it not represent sash, doors, shingles or blinds, in each of which the respondent dealt? The knowledge of the owner that lumber was furnished can make no difference; the lien claimant is required by the statute to set out a statement of his demand, which it has been frequently held in the case of material men means a reasonable bill of items: *Gates v. Brown,* 1 Wash. 470 (25 Pac. Rep. 914); *Warren v. Quade, supra;* and there is no reason under the sun why a claimant should not have complied with so plain a provision.

*Fourth:* An objection is made by appellants that none of the notices state the terms of payment, while the evi-

dence shows that there were terms. If there were terms
it was incumbent for the lien claimant to set them forth,
for the statute (Gen. Stat., § 1667) says that the "terms
.    .    .    if any" are to be contained in the notice.    But
the evidence here shows no agreement whatever as to the
time or method of payment.    It is true that several of the
witnesses said they "understood," or "expected," that
cash would be paid at the end of each month for what had
been furnished during that month, or at least upon the
architect's making the usual certificate to the owner, and
payment by the latter to the contractor; but when pursued
it appeared that in each case the expectation was based
upon the usual course of business pursued by the party tes-
tifying, and not upon any agreement made with the con-
tractor.    It is urged, however, that if there was not an
express agreement the law implied payment on delivery,
and that was a term or condition which ought to have been
stated; but we do not think the statute was intended to
provide for notice to the owner of a universal rule of law
which he ought to infer if no exceptional terms were stated.

*Fifth:* Frizell filed his claim for $302.60, and the proof
shows that this was only a balance of account.    He had
furnished more than twice the amount of materials he
claimed for, and must fail for that reason.    *Gates v.
Brown, supra.*

*Sixth:* Austin's claim is bad for the same reason as
Frizell's.

*Seventh:* Estabrook's contract was to furnish all the
brick wanted for the building.    He delivered a quantity
at the ruling price in the market, and when the price fell
he threw off fifty cents a thousand.    This was a mere mod-
ification of the original contract, and not a different one.
The facts sufficiently appeared in the notice.    The brick
delivered at the building while the contractor's bondsmen
were undertaking to proceed with the work, after their

principal had left the country, were delivered under the contract with Jordan as much as though he had been there still.

The original lien notice which is in evidence has written along the margin what appears to be an assignment of the lien to A. E. Estabrook, who was the claimant's mother. The evidence showed that this assignment was made to secure a loan, and was made after the suit to foreclose was commenced. Therefore, if the rule laid down in *Davis v. Erickson*, 3 Wash. 654 (29 Pac. Rep. 86), that the payee of a promissory note could not sue upon the note while it was held by a third person as collateral, be applicable to a case like this, the facts here avoid it. The court permitted the assignee to be made a party, though she was not fully substituted, as we think she should have been, inasmuch as the whole lien was assigned to her.

ˋ *Eighth:* It is objected that the Mechanics Mill and Lumber Company's lien notice was not properly verified. The verification is, that the affiant, who was president of the claimant company, "has read the foregoing statement of notice of lien, and knows the contents thereof, and that said statement is true as he verily believes." The statute requires that the verification be "to the effect that the affiant believes the same to be *just*." The body of the notice contains a statement of the necessary facts, and shows a certain amount due after deducting all *just* credits and offsets. If this be true, then the effect of the verification is that the claim is just.

Other matters urged against this lien are not made clear enough in the record to justify notice here.

*Ninth:* The original lien notices were put in evidence, with the auditor's certificate of recording and an additional certificate that they were "as the same appears of record," etc. We think this proved the fact and date of record,

notwithstanding *Jewett v. Darlington*, 1 Wash. T. 601, and *Cowie v. Ahrenstedt*, 1 Wash. 416 (25 Pac. Rep. 458).

Much of the respondent's evidence and of the argument here was devoted to showing that the appellant had knowledge of the fact that materials were furnished for his building, and that he in some instances, perhaps, promised to pay the bills, wherefore the liens ought to be sustained. But under the law there is no greater reason for sustaining a bad lien because the owner has himself bought the materials and promised to pay for them, than there is under any other state of circumstances. If he binds himself personally a case may be made against him, but it is not the case presented here. The decree will be set aside and the cause remanded, with directions to the superior court to enter a new decree in favor of A. E. Estabrook and the Mechanics' Mill and Lumber Company for the amounts claimed, with $1.50 and $3.25, respectively, paid out for filing liens. Seventy-five dollars to each as an attorney's fee, and the costs of both courts. As against the other plaintiffs the complaint will be dismissed with costs in both courts to appellant.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.