[No. 659. Decided June 27, 1893.]

THE FAIRHAVEN LAND COMPANY *et al.*, *Respondents*, v. R. C. JORDAN *et al.*, *Appellants*.

### JUDGMENT OF SUPREME COURT — CONSTRUCTION.

Where the supreme court, in reversing a decree of the superior court in a suit for the foreclosure of mechanics' liens, virtually affirms the decree as to certain claimants, who were allowed interest on their claims by the judgment appealed from, by directing a decree in favor of such claimants "for the amounts claimed," the claimants are entitled to interest accrued before the rendition of judgment in the supreme court.

*Original Application for Mandamus.*

*Bruce & Brown*, for appellants.

*Cole & Romaine*, and *Kerr & McCord*, for respondents.

The opinion of the court was delivered by

DUNBAR, C. J. — This is a petition for a writ of mandate to direct the superior court of Whatcom county to enter judgment, in the case wherein the Fairhaven Land Company *et al.* are plaintiffs, and R. C. Jordon, Carmi Dibble and James P. Demattos are defendants, in accordance with the opinion of this court, filed February 14, 1893 (5 Wash. 729, 32 Pac. Rep. 729). The action was brought to foreclose five mechanics' liens upon the property of the defendant Demattos. The lien claimants joined in their complaint, which set out each claim as a separate cause of action. Judgment was rendered in the court below in favor of all the lien claimants. After reviewing the action here on appeal, the final judgment of this court was expressed in the opinion filed in the following language:

"The decree will be set aside and the cause remanded, with directions to the superior court to enter a new decree

in favor of A. E. Estabrook and the Mechanics' Mill and Lumber Company for the amounts claimed, with $1.50 and $3.25, respectively, paid out for filing liens; $75 to each as an attorney's fee, and the costs of both courts. As against the other plaintiffs the complaint will be dismissed with costs in both courts to appellant.''

The petitioner insists that in conformity with the judgment of this court it is the duty of the lower court to enter judgment in favor of the respective claimants for the sums set forth in their respective claims, with interest thereon after the rendition of the judgment of this court, and without interest thereon prior to the rendition of the judgment aforesaid, and that said court be directed to order and require to be entered a judgment for the face of the claims of said respective claimants without any interest, and for no other or different sum than the principal claimed by them in their respective claims.

With the view we take of this case it is not necessary to decide whether or not this court has power to compel a lower court to enter a judgment more specific than the judgment of this court.

The petitioner cites us to many authorities to prove that interest cannot be recovered in cases of this kind, but we express no opinion on this question; we are simply called upon to construe the opinion of this court heretofore rendered. Upon the argument of the original case in this court the question of interest was not raised. No error of the court below in allowing interest was assigned, and it cannot be raised now for the purpose of construing the opinion of this court which was written without an investigation of that question or without reference to it. The judgment appealed from allowed interest on the claims of Estabrook and the Mechanics' Mill & Lumber Company; the claims set out in their complaint were for interest, and while this court reversed the decree it was virtually an affirmance so far as those two claimants were concerned, and

the judgment was not modified as to them only in so far as it was especially mentioned, and when the order of the court is "that the decree shall be entered in favor of these claimants *for the amounts claimed*," the language must be construed with reference to the amounts claimed, which we have seen include interest.

The petition will be denied.

HOYT, SCOTT and ANDERS, JJ., concur.

STILES, J., not sitting.