[No. 4270.   Decided September 17, 1902.]

ISAIAH SMITH et ux., *Respondents,* v. CHARLES VEYSEY et ux., *Appellants.*

HOMESTEAD — CANCELLATION OF SHERIFF'S SALE — EVIDENCE.

In an action to set aside a sheriff's sale of real estate on the ground that it was exempt as a homestead, the admission of evidence as to residence thereon after the filing of the declaration of homestead would not constitute error, where such evidence was a part of the testimony showing residence on the land at the time of and prior to the declaration, was restricted to a period of four months just preceding and following the filing of the declaration, and was introduced merely for the purpose of showing *bona fide* residence.

SAME — ADMISSIBILITY OF ORIGINAL DECLARATION.

The admission in evidence of the original declaration of homestead instead of a certified copy thereof was not error, where it contained the indorsement of the county auditor showing the date of its filing and its entry of record.

Appeal from Superior Court, Chehalis County.—Hon. MASON IRWIN, Judge.   Affirmed.

*W. H. Abel* and *A. M. Abel,* for appellants.

*Bush & Fox,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—This is an appeal taken from a decree rendered in the superior court of Chehalis county, cancelling

a sheriff's sale of real estate, on the ground that the land constituted a homestead of respondents, and was exempt from sale on execution. The errors assigned are as follows: (1) In admitting evidence as to the residence of respondents on the land after the date of the alleged filing of the declaration of homestead; (2) in admitting the alleged declaration of homestead in evidence; (3) in making findings of fact numbered 3 and 6, because the same were not supported by the evidence, and in refusing to make proposed findings of fact numbered 1, 2, and 3; (4) in adopting conclusions of law numbered 1, 2, and 3, and refusing to adopt appellant's proposed conclusions numbered 1, 2, and 3.

With reference to the first assignment of error, the evidence of respondents with regard to the residence was confined to the time between November 24, 1900, and March 23, 1901, and the declaration of homestead was filed February 8, 1901; so that the time of residence testified to, it will be seen, was immediately before, at the time of, and immediately after, the filing of the declaration. A less time would scarcely show a good-faith residence, and we think the time testified to was competent to show that the residence claimed to have been made was *bona fide,* and no error was committed in its admission. The second contention, that the court erred in admitting the original declaration of homestead, instead of a certified copy thereof, cannot be sustained, under the rule announced by this court in *Fairhaven Land Company v. Jordan,* 5 Wash. 729 (32 Pac. 729), and *Garneau v. Port Blakely Mill Co.,* 8 Wash. 467 (36 Pac. 463).

An examination of the record does not convince us that the findings of fact made by the court are not sustained

by the evidence, and we think the conclusions of law legitimately follow from the findings of fact.

The judgment is affirmed.

REAVIS, C. J., and FULLERTON, HADLEY, ANDERS, WHITE and MOUNT, JJ., concur.