[No. 4751. Decided September 21, 1904.]

F. L. CHASE, *Respondent,* v. C. V. SMITH, *Appellant.*[1]

35  631
f38  635

DAMAGES—MEASURE OF—BREACH OF CONTRACT TO PAINT HOUSES
—DISCHARGE. Where plaintiff contracted to paint defendant's
houses for a specified sum, and, after working five days, was dis-
charged, it is error to instruct that the measure of his damages
is the profit he would have made on the contract in addition to
the reasonable value of the work already performed at the time
of the discharge, since he was entitled only to pay for the work
performed at the contract price, and to the profit he would have
made upon the balance of the contract.

SAME. Such an instruction is not cured by recalling the jury
and, after withdrawing the part allowing a quantum meruit for
the work performed, instructing that the recovery for that part
must be proportional to the completed work at the contract price,
since it still permitted additional recovery for the profits of the
entire contract.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered February 13, 1903, upon the
verdict of a jury rendered in favor of the plaintiff, in an
action upon contract for services. Reversed.

*Peters & Powell,* for appellant.

*Hawley & Huntley,* for respondent.

PER CURIAM.—Action for breach of contract, brought
by F. L. Chase, plaintiff, against C. J. Smith, defendant,
in the superior court of King county. The cause was
tried to a jury, and verdict rendered in favor of plaintiff
for $302. The defendant in due time made and filed his
motion for a new trial, which was overruled, and judg-
ment was entered on the verdict in the court below, from
which defendant appeals.

On the 29th day of January, 1902, respondent, who was
a painter, entered into a written agreement with appel-

[1]Reported in 77 Pac. 1069.

lant to paint twenty-two dwelling houses, in the city of Seattle, then owned by the appellant. By the terms of the contract, the owner was to furnish a part of the necessary material to do the work, the same being described in a written itemized statement attached to the contract. The work was to be begun on or before February 1st, provided the premises were turned over at that time, and to be completed on or before April 10, 1902. Respondent was to receive for this labor $1,210, payable at certain specified times, as the work progressed. He started to work on the property March 31, 1902. On April 4, 1902, appellant refused to permit respondent to continue at work thereon any longer, and thereupon advertised for further bids for such painting, and let a contract to complete the same to a painter named A. A. Smith, who performed the work at an additional cost of $1,643 for labor, and $260 additional for material, making a total of $1,903.

In the autumn of 1902, the respondent brought the present action to recover for a breach of the original agreement. He alleged in his complaint, among other things, that he was prevented by appellant from performing such contract, claiming $370 damages for the wrongful discharge, and, also, $250 for delay in turning over to respondent the premises on which he was to commence work. This latter item was eliminated from the case by the ruling of the trial court. The answer admitted the contract, and that appellant discharged respondent from said work on April 4, 1902, but denied that respondent suffered any damage. In our opinion, the vital question arising on this record is whether the trial court erred in giving certain instructions to the jury with regard to the measure of damages. The instruction of which appellant particularly complains is as follows:

"If you find from a fair preponderance of the evidence in this case—that is, the greater weight of evidence, that the plaintiff would have made a profit provided he had been permitted by the defendant to carry out the contract in strict accordance with the plans and specifications and terms of the contract, then it is your duty to find in favor of the plaintiff and against the defendant for the amount of profit, if you so find, together with the value of the work which you find was done by the plaintiff under the contract. If the plaintiff has failed to prove to you by a fair preponderance of the evidence that he would have made a profit had he been permitted to carry out the terms of the contract, then it is your duty to return a verdict for the plaintiff only for the sum which you find—for the reasonable value of the work which you find was performed by the plaintiff under the contract. In other words, you cannot return a verdict for the plaintiff for profit unless you find from a fair preponderance of the evidence that had the plaintiff carried out the contract in accordance with its terms and the specifications that he would have made a profit."

The trial judge then proceeded to further instruct the jury, "that in any event in this case you must return a verdict in favor of plaintiff for the value of the work done and performed by him under the contract." Counsel for respondent here said, "May I just suggest another one in this last . . . instruction, which I assume was on the theory that the sum of these two should constitute their verdict, if they should find such?" And the court continued its instructions as follows: "In any case, if you find there was a profit, then the amount of profit, together with the work done, will constitute the verdict." After the jury had retired to deliberate upon their verdict, they were recalled and given the following additional instructions:

"Gentlemen, I wish to withdraw my instructions that I gave you, which went to the effect that your verdict in

any event must be for the plaintiff for the reasonable value of the work done; I don't think that is a proper measure of damages. Your verdict must be for the plaintiff, in any event, for the value of work done, in a proportion which that work stands—completed work at the contract price, and not what the reasonable value of that work is. The other instructions in regard to finding for the plaintiff for the profits will remain as I gave them to you. The other instructions in regard to the finding for the plaintiff for the work done, the rule is, that the plaintiff in this case would be entitled to recover for the work in proportion which work bears to the completed work, that recovery being in proportion to the work done—that which the work bears to the contract price, and which is $1,210. You may retire."

We think that the learned trial court erred in giving the foregoing instruction regarding the measure of damages in actions of this kind; that the attempted correction, on the part of the court, failed to eliminate or correct the erroneous features thereof. Waiving the point as to all verbal criticisms which may be urged relative to the language used in such charge, we conceive this charge to be misleading and erroneous in substance. It gave the jury to understand that they could, if they believed respondent's evidence and adopted his theory in the present controversy, find the value of the work already performed at the contract price, and also the profits that would have accrued to him on the entire job under the contract, if appellant had not interfered and prevented performance as alleged. This is not the rule. The contractor was entitled to recover for the work performed at the contract rate, and such profit, if any, as he would have made on the balance of the work had he been allowed to complete it. The respondent is to be placed in the same condition that he would have been placed in, had he been permitted to proceed without interference. 2 Sedgwick, Damages (8th ed.), § 618; *Tennessee etc. R. Co. v. Danforth,* 112 Ala.

80, 20 South. 502; *Masterton v. Mayor of Brooklyn*, 7 Hill 61, 42 Am. Dec. 38.

The case of *Noyes v. Pugin*, 2 Wash. 655, 27 Pac. 548, was an action upon a quantum meruit for services rendered. The language employed in the opinion must be considered in connection with the facts of the case decided. Moreover, it is stated in that opinion that, "It is difficult to perceive why the respondent in this case should receive more compensation for the labor actually performed by him than he would have received for the same services had the contract not been broken by appellant." There is nothing in that opinion which conflicts with the propositions of law advanced by Mr. Sedgwick.

While it may be conceded that, under the instructions as corrected by the trial judge, the value of respondent's labor already performed should be determined according to the contract price, in the proportion that the same as it then stood bears to the entire work which respondent undertook to perform under the original agreement, it was manifest error to give the jury to understand that they might also allow profits on the entire contract. A recovery at the contract rate for the labor performed must necessarily include the profit made by such labor, and it was only for profits on the uncompleted portion of the work that he was entitled to recover in addition, and then only after a showing that he would have made such a profit. *Tennessee etc. R. Co. v. Danforth, supra.* Owing to the contradictory testimony appearing in the record, especially regarding the matter of profits, we are unable to find any data by which we can segregate the legitimate from the unlawful damages, so that we can give the respondent the choice to accept a definite sum or submit to a retrial of the issues.

The judgment of the superior court is reversed, and the cause remanded for a new trial.