[No. 5411. Decided May 1, 1905.]

JOHN ANDERSON, *Respondent,* v. A. J. HILKER *et al.,*
*Appellants.*[1]

EVIDENCE—RECORDS OF WEATHER BUREAU. Upon an issue as to
the condition of the weather, the records of the office of the
U. S. Weather Bureau are competent evidence.

APPEAL AND ERROR—OBJECTIONS—EXCEPTIONS. Error cannot be
assigned upon the reception of evidence to which no objections
or exceptions were taken in the court below.

CONTRACTS—CONSTRUCTION—EVIDENCE OF CONVERSATIONS. Where
both sides claimed that a certain contract required the other to
furnish certain scows, conversation had with the various owners
of scows in endeavoring to secure scows is admissible.

CONTRACTS—BREACH—MEASURE OF DAMAGES FOR PREVENTING
PERFORMANCE—PROFITS ON WHOLE CONTRACT. Where plaintiff con-
tracted to move a building for defendants, and, after certain
work, the defendants refused to permit him to complete perform-
ance of the contract, the measure of plaintiff's damage is reim-
bursement for tne expense incurred in the work already done,
with the profits which he would have realized by performing the
whole contract.

CONTRACTS—DELAY IN PERFORMANCE—INSTRUCTIONS—ASSUMING
FACTS. Upon an issue as to whether plaintiff had been delayed
in the performance of a contract to move a house, by conditions
of the weather and an inability to procure scows, an instruction
that what would be a reasonable time is for the jury, taking in-
to consideration the difficulties in securing scows, condition of
the weather, etc., is not objectionable as assuming facts, where
there was no dispute about the difficulty in securing scows, and
the court did not indicate its idea as to the condition of the
weather.

HUSBAND AND WIFE—CONTRACTS—OF WIFE PRIOR TO MARRIAGE—
LIABILITY OF HUSBAND. In an action against a husband and wife
upon a contract to move a house belonging to the wife, it is
error to render judgment against the husband, where it appears
that, when the contract was made, the defendants were not mar-
ried and plaintiff knew that the house was owned by a single
woman, and that the contract was made for the benefit of the
owner.

[1]Reported in 80 Pac. 848.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered March 17, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed in part, and reversed in part.

*J. C. Cross,* for appellants.

*W. H. Abel* and *A. M. Abel,* for respondent.

Root, J.—In September, 1903, the appellant Mrs. Hilker, who was then Miss Swift, was the owner of a building known as the "Ocosta Hotel," with the furniture therein, situated at Ocosta, Washington. On or about that date, appellant A. J. Hilker, acting for himself and said Miss Swift, or acting solely as the agent of Miss Swift, or Miss Swift acting for herself (this matter being an issue of fact involved in the case), entered into a contract with respondent, whereby the latter was to move said building across Gray's Harbor to the city of Hoquiam. In order to do this, a considerable amount of cribbing was necessary, and scows capable of carrying said building across said harbor were to be provided. There is a conflict as to who was to furnish the scows. Respondent commenced the work, but, after getting the building to the edge of the water, left the same there for some considerable length of time—he claiming that the delay was occasioned by bad weather, and by delay in securing the scows. At length he sent men to resume the work, as he contends; but, as appellants contend, to repair the cribbing and put the building in position to leave it through the winter before going ahead with the moving thereof. Thereupon appellants took possession of said building and employed other parties to remove the same. Respondent sues appellants for damages occasioned by the alleged breach of contract. Appellants join issue

upon many of the material allegations of the complaint, and plead a counterclaim for damages, occasioned by the neglect and delay on the part of respondent. Respondent recovered judgment against both appellants. They appeal to this court.

Several errors were assigned in the matter of the introduction of testimony. One Robinson, who was in charge of the United States Weather Bureau, was permitted to read in evidence the records of his office as to the weather during the period involved. To this, exception was taken. These records were competent evidence. 1 U. S. Rev. Stats. Supp., p. 879; Bal. Code, § 6043. See, also, *Fairhaven Land Co. v. Jordan,* 5 Wash. 729, 32 Pac. 729; *Garneau v. Port Blakeley Mill Co.,* 8 Wash. 473, 36 Pac. 463; *Smith v. Vesey,* 30 Wash. 18, 70 Pac. 94.

Error is assigned in the brief upon the action of the trial court in permitting the captain of a tugboat to read from his log book as to the condition of the weather during said period. It does not appear from the record, however, that any objection was made or exception taken to the introduction of this evidence. Hence, it cannot be reviewed.

Complaint is made of the action of the trial court in permitting respondent to detail certain conversations had with various owners of scows, which he was endeavoring to secure to be used in the moving of this building. Said evidence was merely to show an effort made to secure scows, and a delay caused by inability to promptly secure the same. As each side claimed that it was the duty of the other to provide these scows, and as the conversation detailed was part of the transactions having to do with the effort to secure said scows, we cannot see that the admission of these statements was prejudicial to appellants.

Upon the measure of damages the court gave the following instruction:

"If you find in favor of the plaintiff in this case, then I instruct you that the plaintiff would be entitled to recover, as damages, the amount of his expenditures in the performance of the contract up to the time of the stoppage, that is to say, he would be entitled to reimbursement for his expense in so far as he proceeded with the performance of the contract, and in addition to his expenses he would be entitled to recover the profits which he would have realized by performing the whole contract, if he had performed it; the plaintiff's recovery, if he recovers at all, should include these two items, namely, the expense incurred in part performance, with a further item of the profits which he would have made by the performance of the whole contract."

Appellants contend that this instruction is erroneous. We think it is a correct statement of the law applicable here, and that no error was committed by its being given. We deem it to be in accord with the holding of this court in the case of *Chase v. Smith,* 35 Wash. 631, 77 Pac. 1069.

The court also gave the following instruction:

"I instruct you that, if you find from the evidence in this case that no definite time was fixed for the completion of the contract by Anderson, then the law will imply reasonable time, and what would be a reaonable time is for the jury in this case to determine, taking into account the difficulties in securing scows, conditions of the weather, and all of the surrounding circumstances."

It is contended by appellants that this instruction assumes that there were difficulties in securing the scows, and that the conditions of the weather were bad. We do not think that there is anything in the language indicating any idea of the court as to what the condition of the weather was. As to the difficulties in securing scows, there seems to have been no dispute but that there were difficul-

ties. As to whether these difficulties were such as to jus-
tify either of these parties, was a question upon which the
court expressed no opinion whatever in this or any other
instruction. We do not think appellants were prejudiced
by reason of these matters. As to the terms of the contract,
condition of weather, and amount of damages, there was
much conflict in the evidence. There being sufficient com-
petent and material evidence to sustain the jury's conclu-
sion upon these matters, the same will be here deemed con-
clusive.

The complaint alleges that appellants were husband and
wife at the time of the making of this contract. Upon the
trial it was shown, and the court found, that said parties
were not husband and wife at that time, but had married
prior to the commencement of this action. As to whether
or not a judgment could be sustained as against Mr. Hil-
ker must depend upon the question of whether or not the
evidence shows him to have acted as an agent merely for
Miss Swift, subsequently his wife, or whether he was act-
ing for her and himself jointly when the contract was
made, or whether she made the contract herself. We think
there is no evidence justifying a verdict against Mr. Hil-
ker. He had no interest in the property. Respondent's
own testimony shows that he knew, or had good reason to
know, that it was Miss Swift's property, and that the con-
tract was being made with her or for her benefit.

The judgment as to Mr. Hilker is reversed, and the
cause remanded, with instructions to dismiss the action as
to him. As to appellant Mrs. Hilker, the judgment is af-
firmed.

MOUNT, C. J., CROW, RUDKIN, and DUNBAR, JJ., con-
cur.

FULLERTON and HADLEY, JJ., took no part.