[No. 16789. Department One. April 5, 1922.]

# W. H. Davis, *Respondent,* v. Thurston County, *Appellant.*[1]

Pleading (74)—Reply—Departure—New Matter—Consistency. In an action on a county bridge contract for damages for refusal to allow the contractor to complete the work, in which the county alleged failure to complete the contract within the time limit, it is not a material variance for plaintiff to reply that he was delayed and unable to finish the work within the time limited because of inability to obtain cement and because of high waters.

Contracts (148, 161)—Performance or Breach—Excuse for Delay—Evidence—Admissibility. Where a county answered to a contractor's complaint that he had abandoned the contract after failing to complete the work on time, and there was evidence tending to show waiver of the time limit, evidence that the delay was caused by high water and inability to obtain cement is admissible as tending to disprove abandonment.

Contracts (151, 162)—Performance or Breach—Waiver of Objections—Evidence—Question for Jury. The liability of a county upon a bridge contract, after preventing the contractor from completing the work after the time limit had expired, is for the jury where there was evidence of waiver of the time limit and that the contractor was able and willing to perform, and had not abandoned the work.

Damages (74, 128)—Measure of Damages—Breach of Contract—Instructions. Where a contract for the construction of a bridge is breached through no fault of the contractor before completion of the work, the measure of damages, where the contractor does not ask for profits lost, is such proportion of the whole contract price as the amount of work done bears to the whole amount of the work to be done; and it is error to instruct the jury that he would be entitled to reimbursement for his expenses in so far as he proceeded in the performance of the contract and in addition all profits which he would have realized by performing the whole contract.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered August 9, 1921,

[1]Reported in 205 Pac. 840.

upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Reversed.

*R. R. Fullerton* and *Thos. L. O'Leary,* for appellant.

*Troy & Sturdevant* and *Geo. F. Yantis,* for respondent.

BRIDGES, J.—Suit for damages growing out of a contract for the construction of a county bridge.

On August 16, 1920, the plaintiff and defendant entered into a written contract by the terms of which the former was to construct a certain small bridge for the latter, for which he was to be paid $1,575, and the bridge was to be completed by September 18 of that year.   The complaint, after alleging the contract, set out that, while plaintiff was proceeding with the work of constructing the bridge, defendant ejected him from the premises and refused to permit him to complete the work, and made a contract with other parties for the work; that he was at all times ready, willing and able to construct the bridge according to the terms of the contract; that he had expended a large sum of money in doing such of the work as he had performed when he was stopped, and that he had been damaged in the sum of $1,575.   The first portion of the answer was in substance a general denial.   There was a first affirmative defense which alleged that the plaintiff failed and refused to build the bridge according to the terms of the contract, but, on the contrary, abandoned the work, and for those reasons, and after the time provided in the contract for the completion of the bridge, the defendant let a contract to other parties to build it.   A second affirmative defense alleged that such of the work as the plaintiff did before abandoning it was not in accordance with the contract or the plans and specifications, and that such work was done in a

careless and negligent manner, and that the plaintiff did not, in good faith, attempt to perform his contract. The reply admitted that the bridge was not built within the time provided in the contract, but alleged that the defendant had waived the time of completion, and denied that the work had been carelessly or negligently done. It further alleged that the plaintiff was delayed in the work he had done on the bridge by his inability to obtain cement and because of high waters in the stream which was being bridged.

There was a verdict by the jury in favor of the plaintiff in the sum of $1,575. Later the plaintiff elected to, and did, waive any amount of the verdict in excess of $1,271. A judgment was entered in that sum. In its appeal the defendant has raised many questions.

(1) Appellant contends that the complaint and reply are inconsistent, in that the former is based solely upon the idea that the respondent was entitled to recover damages because the appellant refused to permit him to complete his contract, whereas the burden of the reply is that he was delayed in the completion of his contract and unable to finish the bridge within the time provided in the contract because of inability to get certain building materials, and because of high waters in the stream. We do not think there is any material variance. The plaintiff is still seeking to recover for the reasons alleged in his complaint. The reply is merely in response to the allegations of the answer alleging that the respondent did not complete the bridge within the contract period, but, on the contrary, abandoned the work, and that such work as he did was not in accordance with the terms of the contract, and was not done in good faith.

(2) The respondent testified that he was delayed in the construction of the bridge and was unable to finish

it within the contract period because of high waters and inability to obtain cement. All of this character of testimony was received over the constant objections of the appellant. We think the court's ruling was right. It may be the rule that the respondent could not excuse the failure to build the bridge within the contract time because of high water and lack of cement, but this testimony was not offered or received for this purpose. There being some proof tending to show that time had been waived, this testimony was admissible as tending to disprove appellant's allegations that respondent had not proceeded in good faith and had abandoned the work.

(3)  The appellant also contends that its motions for nonsuit and for judgment notwithstanding the verdict should have been granted. It charges that there was not sufficient proof that the plaintiff had filed his claim with the appellant, as provided by law. We think, however, that the admissions in the answer relieved the respondent of such proof. It is also said that the motions should have been granted because the testimony shows the respondent abandoned the contract, and that he did not, in good faith, attempt to perform it, even if he had not abandoned it. We cannot agree with these contentions. There was ample testimony to carry the case to the jury, to the effect that the appellant had waived the provisions of the contract concerning the time for the completion of the bridge, and that the respondent was able and willing to construct the bridge in accordance with the contract, and that he had not abandoned the proposition, or failed in good faith performance. These questions were all matters to be submitted to the jury upon proper instructions. If, as the testimony tended to show, although stoutly denied by the appellant, there

was no time within which the bridge was to be completed, and that the respondent had not abandoned the job, but, on the contrary, was proceeding in good faith, then, so far as those questions are concerned, he would be entitled to recover.

(4) Complaint is made of the following instructions given to the jury:

"If you find in favor of the plaintiff in this case, then I instruct you that the plaintiff would be entitled to recover, as damages, the amount of his expenditures in the performance of the contract up to the time of the stoppage, that is to say, he would be entitled to reimbursement for his expense in so far as he proceeded with the performance of his contract, and in addition to his expenses he would be entitled to recover the profits which he would have realized by performing the whole contract, if he had performed it; the plaintiff's recovery, if he recovers at all, should include these two items, namely, the expense incurred in part performance, with a further item of the profits which he would have made by the performance of the whole contract."

The court seems to have taken this instruction verbatim from the case of *Anderson v. Hilker*, 38 Wash. 632, 80 Pac. 848. But the facts of the two cases are so different that the same instruction could, under no circumstances, be proper in both. In the *Anderson* case, the plaintiff was seeking to recover for profits he would have made had he been permitted to complete his contract, while here the respondent did not seek any such recovery, consequently, under the rule of the *Anderson* case, this instruction was wrong because it permitted the respondent to recover lost profits. We will not comment on other specific objections made to this instruction, because we have concluded that it is fundamentally wrong for the same reasons that the instruction approved in the *Anderson* case was fundamentally wrong. In that case Anderson alleged, and his proof

tended to show, that he had a contract with Hilker to move a house owned by the latter, from the town of Ocosta to Hoquiam, for certain agreed compensation; that after he did a part of the work and had gone to considerable expense, Hilker breached the contract. Plaintiff sought to recover on account of his expenditures incurred in part performance and for loss of profits. It was to cover this situation that the trial court gave the instruction which we have quoted. On appeal this court held that the instruction gave the proper measure of damages in a case of that character. We there cited, in support of our position, *Chase v. Smith,* 35 Wash. 631, 77 Pac. 1069.

It is our view now that the measure of damage rule laid down in the *Anderson* case is not only incorrect, but is not in accord with that given in the *Chase* case, *supra.* The facts in the latter case were that Chase entered into an agreement with Smith to paint a number of houses belonging to the latter, and for so doing he was to receive $1,210. After doing a part of the painting, Smith refused to permit Chase to proceed, with the result that the latter commenced suit to recover damages. It will be observed that there is very little difference in the general facts between the *Chase* case, the *Anderson* case and the case at bar. In the *Anderson* case, which says it follows the *Chase* case, the measure of damages approved by the court was that the plaintiff would be entitled to recover as damages " 'the amount of his expenditures in the performance of the contract'," up to the time of the termination of the contract, and in addition thereto any profits " 'which he would have realized by performing the whole contract'." The rule laid down in the *Chase* case was that the plaintiff was entitled to recover for the work done by him at the contract rate, and such

profit as he would have made on the balance of the work had he been permitted to do it. Discussing this question in that case, we said:

"The contractor was entitled to recover for the work performed at the contract rate, and such profit, if any, as he would have made on the balance of the work had he been allowed to complete it. The respondent (contractor) is to be placed in the same condition that he would have been placed in, had he been permitted to proceed without interference. . . . While it may be conceded that, under the instructions as corrected by the trial judge, the value of respondent's labor already performed should be determined according to the contract price, in the proportion that the same as it then stood bears to the entire work which respondent undertook to perform under the original agreement, it was manifest error to give the jury to understand that they might also allow profits on the entire contract."

The difference between the holding in the *Chase* case and that in the *Anderson* case is at once manifest, for in the latter case it was determined that the contractor would be entitled to recover the amount of his expenditures in the performance of the contract, whereas in the former case it was held that he would be entitled to recover at the contract rate for the work he had performed. An illustration will probably show more clearly the difference in the two doctrines. Suppose that A agreed to construct a house for B, in consideration of $1,000. After the work was half done, B wrongfully terminated the contract. Under the doctrine of the *Anderson* case, if A had expended $800 he would be entitled to recover that amount, even though he had done but half the work. Under the doctrine of the *Chase* case, A would be entitled to recover $500, which manifestly would be the correct amount. Where the contractor, as here, does not seek to recover any profits lost because of being prevented from complet-

ing his work, he would be entitled to recover such proportion of the whole contract price as the amount of the work done by him before the contract was terminated bears to the whole amount of work to be done by him under the contract. For example, if he has completed one-half of all the work to be done, he would be entitled to recover one-half of the contract price. As was said in the *Chase* case:

"A recovery at the contract rate for the labor performed must necessarily include the profit made by such labor, . . ."

To fix the amount of recovery by a contractor as "the amount of his expenditures," as held in the *Anderson* case, or the reasonable value of the services performed, as held by some cases, would often work a great injustice. Under either of those rules a contractor might recover all, or even more, than the whole contract price, even though he may have done but half the work contracted for; or, on the other hand, he might be deprived of recovery for such profits as he may have made during his partial performance.

In discussing the *Chase* and *Anderson* cases, we have noted only the features concerning recovery on account of partial performance, and have not noticed those portions concerning profits which might have been made if the contract had been completed. The last mentioned feature is not involved here.

We have been unable to find any of our decisions which have followed or approved the doctrine of the *Anderson* case, but we do find that the doctrine of the *Chase* case has been cited and approved in the following cases: *Gabrielson v. Hague Box & Lumber Co.*, 55 Wash. 342, 104 Pac. 635, 133 Am. St. 1032; *Gould v. McCormick*, 75 Wash. 61, 134 Pac. 676, Ann. Cas. 1915 A 710, 47 L. R. A. (N. S.) 765; *Dyer Bros. Golden West*

*Iron Works v. Pederson,* 112 Wash. 390, 192 Pac. 1002; *Bookhout v. Vuich,* 101 Wash. 511, 172 Pac. 740.

We feel it necessary to, and we do, overrule the case of *Anderson v. Hilker, supra,* in so far as it is inconsistent with what we have here said.

Judgment reversed and cause remanded for new trial.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.