745 F.2d 595
 UNITED STATES of America for the Use of MORGAN & SON EARTH
MOVING, INC., a Washington Corporation, Plaintiff-Appellee,
v.
TIMBERLAND PAVING & CONSTRUCTION COMPANY, a Washington
Corporation, and American Insurance Company, a
corporation, Defendants-Appellants.
 No. 83-3923.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted July 3, 1984.
Decided Oct. 19, 1984.
 
 Charles C. Flower, Flower & Andreotti, Yakima, Wash., for defendants-appellants.
 J.W. McArdle, McArdle, Dohn & Talbot, Craig L. Smith, Yakima, Wash., for plaintiff-appellee.
 Appeal from the United States District Court for the Eastern District of Washington.
 Before SKOPIL and NELSON, Circuit Judges and COYLE,* District Judge.
 SKOPIL, Circuit Judge:
 
 
 1
 Morgan & Son ("Morgan") brought this action under the Miller Act, 40 U.S.C. Secs. 270a-270d (1982), to recover the balance due on an excavation subcontract with Timberland Paving & Construction Co. ("Timberland"). Timberland counterclaimed for indemnity against possible liability arising from Morgan's alleged over-excavation. After trial, the district court awarded Morgan damages and dismissed the counterclaim. We affirm the dismissal of the counterclaim and reverse and remand for recalculation of the damage award.
 
 FACTS AND PROCEEDINGS BELOW
 
 2
 Timberland was the general contractor on a Bureau of Indian Affair's (BIA) road improvement project. Morgan subcontracted with Timberland to "clear, pioneer, drill, and shoot" a rock cliff for a "sum payment" based on 32,500 cubic yards at $2.513 per cubic yard.
 
 
 3
 During Morgan's excavation, falling rock created a safety concern. Al DeAtley, Timberland's president, visited the job site, inspected the conditions, and determined that a serious safety problem existed. Various agencies inspected the site and agreed the job could not proceed in compliance with applicable safety regulations. On June 6, 1979 Timberland stopped work because of the safety problem and because a dispute existed between Timberland and the BIA over the obligation to solve the safety problem.
 
 
 4
 On June 12 DeAtley advised Morgan to leave the job site. At that time Morgan had excavated 19,686 cubic yards. Before Morgan left, representatives of Timberland and the BIA informed Morgan that the slope of the excavation was acceptable. Morgan removed its equipment from the job site to perform other work with the understanding that it would return when the safety problem was resolved.
 
 
 5
 During the next several months, Timberland conducted extensive negotiations to solve the safety and design problems. Timberland never requested Morgan to finish the work. The safety and design problems were not resolved prior to the date for completion of the prime contract. The BIA terminated Timberland for default in April 1980.
 
 
 6
 Following trial, the district court found that Timberland had prevented Morgan from completing its subcontract; that Morgan performed the excavation in a workmanlike manner; and that Morgan's method of excavation did not breach the contract. The district court further determined that Morgan was entitled to recover at the contract price for the work actually performed and recover from Timberland additional amounts for (1) overhead equal to 5% of the contract price for work not performed; (2) 10% profit on the work not performed; (3) an additional $.25 per cubic yard for material actually excavated; and (4) interest from June 1979. On motions by both parties to amend the judgment, the district court issued a second order that inter alia expressly dismissed Timberland's counterclaim.
 
 
 7
 Timberland paid Morgan the judgment on June 24, 1983 and thereafter timely appealed.
 
 ISSUES
 
 8
 1. Did Timberland's payment of judgment moot this appeal?
 
 
 9
 2. Did the district court err in dismissing Timberland's counterclaim?
 
 
 10
 3. Did the district court err in calculating the damage award?
 
 DISCUSSION
 
 11
 1. Mootness.
 
 
 12
 Morgan contends that payment by Timberland of the judgment mooted Timberland's appeal. We disagree. The usual rule in federal courts is that satisfaction of judgment does not foreclose appeal. See Dakota County v. Glidden, 113 U.S. 222, 224, 5 S.Ct. 428, 429, 28 L.Ed. 981 (1885); Woodson v. Chamberlain, 317 F.2d 245, 246 (4th Cir.1963); Puget Sound Navigation Co. v. Nelson, 59 F.2d 697, 701-02 (9th Cir.1932).
 
 
 13
 2. Timberland's Counterclaim.
 
 
 14
 Timberland contends that Morgan should be responsible for damages that may arise against Timberland in Timberland Paving & Construction Co. v. United States, No. 123-81C (U.S.Ct.Cl.), based on the government's claim of over-excavation. The subcontract between Morgan and Timberland provides in relevant part that "[c]ontractor and subcontractor agree to indemnify ... each other from and against any and all suits, claims, actions, losses ... in connection with or incident to each party's performance...." The district court dismissed Timberland's counterclaim after finding as a fact that Timberland failed to establish Morgan's responsibility for the unallowable overbreak. A finding of fact shall not be set aside unless clearly erroneous. Woods v. United States, 724 F.2d 1444, 1451 (9th Cir.1984). We must accept the lower court's findings of fact unless upon review we are left with the definite and firm conviction that a mistake has been committed. United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948).
 
 
 15
 The factual issue of what caused the alleged unallowable overbreak was supported by testimony and evidence justifying both positions. The BIA conducted a recross-section of the relevant area in spring 1980 and BIA agents testified that the alleged unallowable overbreak resulted from Morgan's over-excavation. Morgan presented evidence that it had been given tentative acceptance of the excavated slope before removing its crew and equipment from the job site. Morgan contended that considerable weathering of the slope occurred after it left the job site and before the recross-section was performed. DeAtley agreed that the overbreak could have occurred as a result of scaling, natural forces such as slides, and the weathering of the slope.
 
 
 16
 Uncontradicted evidence showed that recross-section is the most reliable method in the road construction industry to determine the amount of material excavated. Timberland contends that this uncontradicted evidence must be followed. See Grace Brothers, Inc. v. Commissioner, 173 F.2d 170, 174 (9th Cir.1949). But, the trier of fact is not bound to accept uncontradicted testimony clouded with uncertainty. Woods, 724 F.2d at 1452. Morgan testified that 8,500 cubic yards is over 25% of the entire job, leading him to believe the BIA's recross-section was wrong. Timberland and the BIA could reasonably be expected to have noticed this significant amount of over-excavation at the time Morgan was given tentative approval.
 
 
 17
 The district court found that the evidence at trial indicated the overbreak could have been caused by climatic conditions; that Morgan performed the excavation in a workmanlike manner; and that when Morgan left the job site his work was acceptable, although not formally accepted. We agree with the district court that the evidence was inadequate to establish by a preponderance that Morgan was responsible for the overbreak.
 
 
 18
 In considering all the evidence, we are not left with a definite and firm conviction that the district court made a mistake. We affirm the district court's dismissal of Timberland's counterclaim for indemnification.
 
 
 19
 3. The Damage Awards.
 
 
 20
 The district court's award of damages is a finding of fact, reviewable under the clearly erroneous standard. Woods, 724 F.2d at 1451. But it is not necessary to review the amount of damages here, because we conclude that the district court misapplied the applicable law. Under the Miller Act, the law of the state of the performance of the contract governs the award of damages. United States v. Mountain States Construction Co., 588 F.2d 259, 262 n. 1 (9th Cir.1978); Central Steel Erection Co. v. Will, 304 F.2d 548, 554 (9th Cir.1962). We review questions of law de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.1984) (en banc).
 
 
 21
 Recovery in quantum meruit is allowed where one party's performance occurs in absence of a contract or when substantial changes occur not within the contemplation of the parties. Heaton v. Imus, 93 Wash.2d 249, 608 P.2d 631, 633 (1980) (en banc). Recovery in quantum meruit may also be appropriate when the breaching party has been unjustly enriched through wrongful conduct, as with a tortfeasor's wrongful gains. E.g., Olwell v. Nye and Nissen Co., 26 Wash.2d 282, 173 P.2d 652, 654 (1946). The district court did not find the subcontract between Morgan and Timberland void, nor did it find that any substantial changes had occurred in the contract requirements. Further, the district court found that Timberland acted in good faith when ordering Morgan to stop work. Therefore, since none of the elements for recovery in quantum meruit exists, the district court's award of damages based on the reasonable value of services performed is not appropriate in this case.
 
 
 22
 Washington law applicable to this case requires an award of damages sufficient to place the injured party in as good a position pecuniarily as it would have been had the contract been performed. See Diedrick v. School District 81, 87 Wash.2d 598, 555 P.2d 825, 833 (1976) (en banc). More specifically, a contractor is entitled to recover for the work performed at the contract rate and any profit it would have made on the balance of the work. Chase v. Smith, 35 Wash. 631, 77 P. 1069, 1070 (1904). Measuring damages for breach of contract according to the contract rate reflects the parties' expectations as to the value of performance. Mountain States Construction, 588 F.2d at 262.
 
 
 23
 a. Contract Rate
 
 
 24
 Morgan apparently completed the most difficult part of the job. Morgan expended $66,600 or 82% of the total contract price to remove 19,600 cubic yards of material or 61% of the job. The district court awarded Morgan $.25 in excess of the unit price specified in the contract for work actually performed. The court attempted to fully compensate Morgan. But, nothing in the record indicates how the court arrived at this formula. The court erred in awarding damages in excess of the contract rate for work performed. The measure of recovery for the work performed is limited to the contract rate. E.g., Mountain States Construction, 588 F.2d at 262; Chase, 77 P. at 1070.
 
 
 25
 b. Profits
 
 
 26
 The recovery of profits for work not performed, if adequately proven, should place Morgan in the pecuniary position it would have been in had the contract been completed. Prospective profits must be proven with reasonable certainty. Bromley v. Heffernan Engine Works, 108 Wash. 31, 182 P. 929, 930 (1919). Lost profits need not be susceptible to exact calculation but sufficient data must exist from which profits can be ascertained with a reasonable degree of certainty. Kadiak Fisheries Co. v. Murphy Diesel Co., 70 Wash.2d 153, 422 P.2d 496, 504-05 (1967); National School Studios v. Superior School Photo Service, 40 Wash.2d 263, 242 P.2d 756, 763 (1952).
 
 
 27
 Morgan's accountant testified that a ten percent profit allowance on an excavation contract of this type is standard. The evidence indicated that Morgan incurred greater costs performing the first part of the contract than it would have incurred performing the remainder. The record, however, lacks sufficient evidence for us to determine Morgan's costs to complete the contract. The trial court cannot make up for the lack of evidence by adding to the computation of damages five percent overhead on work not performed. Therefore, the court's award must be reversed and remanded for recomputation of damages and for further factual findings if necessary to support the recomputation.
 
 CONCLUSION
 
 28
 The appeal is not moot. Timberland's counterclaim was properly dismissed. The district court's damage award is not supported by law. Accordingly, we remand for recalculation of the damages. The district court should award the contract rate on work performed plus profits on work not performed and appropriate interest on the sum.
 
 
 29
 Each side is to bear its own costs for appeal. AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 *
 The Honorable Robert E. Coyle, United States District Judge for the Eastern District of California, sitting by designation