[No. 8142.   Department One.   October 26, 1909.]

THOMAS GABRIELSON, *Respondent*, v. HAGUE BOX & LUMBER COMPANY, *Appellant*.[1]

LOGS AND LOGGING—CONTRACTS—CONSTRUCTION. In the absence of positive testimony or proof of custom, one who contracts to remove and deliver timber is presumed to supply all necessary means and appliances, and cannot recover on a *quantum meruit* for building a logging road to facilitate his operations.

PLEADINGS—SEPARATE COUNTS—REPETITION. It is inconsistent with the spirit of the code to permit a person who has but one cause of action to allege, as distinct causes, one upon contract and another upon *quantum meruit*, as permitted at common law to avoid a variance; but he must state one cause in concise language without repetition.

ELECTION OF REMEDIES—CONTRACTS—BREACH. Upon breach of a contract whereby plaintiff was prevented from completing performance, he may elect to sue on the contract for partial performance and loss of profits, or waive the contract and recover upon *quantum meruit*, but he cannot pursue both remedies.

TRIAL—INSTRUCTIONS—ISSUES AND PROOF—SUBMISSION—ELECTION OF REMEDIES. Where plaintiff alleged in distinct counts, one cause of action for breach of contract and loss of profits, and another on

[1]Reported in 104 Pac. 635.

*quantum meruit* covering the same subject-matter, it is error to submit the latter issue to the jury where there was no evidence to warrant it; and is prejudicial, requiring a reversal (although no election was demanded), where it cannot be determined whether the verdict was based upon the true or false issue.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered March 15, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Frank D. Nash,* for appellant.

*Loveday, Kelley & McMillan,* for respondent.

CHADWICK, J.—This action in its original form was an action upon a *quantum meruit,* to recover a balance of $965.14 alleged to be due for work and labor performed at the special instance and request of defendant. The complaint was thereafter amended, setting up an express contract, its breach, and damages in the sum of $3,942.85; and a second cause of action upon a *quantum meruit,* being the cause of action first assigned, except that a balance of $1,-385.14 was claimed to be due. This complaint was stricken by the court, and plaintiff thereupon filed a second amended complaint, alleging that plaintiff and defendant had entered into an oral contract for the removal of the timber on a certain forty-acre tract of land; that he was to receive the sum of $6.25 per thousand for the logs delivered in the boom; that he was to be paid when each 50,000 feet was delivered; that he had performed his contract until compelled to abandon it because of the neglect and refusal of defendant to pay him in the manner stipulated; that he had delivered 351,428 feet, and that 80,000 feet of logs remained in the timber, upon which he would have made a profit of $2 per thousand; that there remained uncut about 1,600,000 feet, upon which he would have made a profit of $2,500. Against these amounts he admits a set-off for the use of a donkey

engine. Under this cause of action, he claims damages aggregating $3,942.85.

For a second cause of action he alleges that he performed services, work, and labor for defendant at its special instance and request, of the reasonable value of $3,968.45; admits the payment of $2,074.80, and claims a balance due of $1,893.68. A bill of particulars in support of this cause of action shows that it covers practically the same subject-matter as is alleged in the first cause of action.

The answer, after admitting that a contract was entered into for logs to be delivered at the rate of $6.25 per thousand, and alleging that at least 15,000 feet was to be delivered each day until completion of the contract, and that payment was to be made once a month, is in effect a general denial. It was, however, admitted that 259,118 feet of logs had been delivered, and counter demands for goods and money advanced and the use of the donkey engine were set up. It is claimed that plaintiff was entitled to a credit in the sum of $1,621.46, from which should be deducted the sum of $2,311.74 for money and goods, leaving a balance due defendant of $690.28. In both causes of action the plaintiff undertakes to recover the sum of $1,157, which amount he alleges to be the value of labor performed in constructing a logging road in aid of his enterprise. The second amended complaint was filed over the objection of defendant. The case went to trial upon these issues.

There is no preponderance of evidence to show that plaintiff was to be paid as each 50,000 feet of logs was delivered. Neither is there a preponderance of the testimony to sustain a recovery upon a *quantum meruit*, either for the logging operations or for building the logging road. The contract as testified to is silent on that subject, and, in the absence of positive testimony or proof of custom, a court must presume that one who contracts to remove timber and deliver it in the stream will supply all means and appliances necessary to prosecute the work, and that it is covered by the contract

price. These questions would more properly be for the jury, if submitted upon issues properly framed, and would not be considered by us but for the reasons to which we shall presently advert. It is the privilege of a party to have his cause submitted to a jury upon a distinct issue. It is the duty of the court to exercise its judgment and see to it, although the pleadings had tendered an unwarranted issue, that an issue unsustained is not left to the jury for its consideration. To prevent situations such as we have here is one of the purposes underlying the reformed methods of pleading. A person can have but one cause of action arising out of the same subject-matter, and this he must state in plain and concise language and without repetition.

"Since the reformed pleading requires the facts to be averred as they actually took place, it does not in general permit a single cause of action to be set forth in two or more different forms or counts, as was the familiar practice at the common law. The rule is undoubtedly settled, that, under all ordinary circumstances, the plaintiff who has but one cause of action will not be suffered to spread it upon the record in differing shapes and modes, as though he possessed two or more distinct demands; and when he does so without special and sufficient reason, he will be compelled, either by a motion before the trial or by an application and direction at the trial, to select one of these counts, and to abandon the others." Pomeroy's Code Remedies (3d ed.), § 576.

The method of pleading employed in this case, though favored under the old practice in order to avoid the consequences of a variance between the pleadings and proof, finds no favor under our present statutes, and is inconsistent with their spirit. *Muzzy v. Ledlie*, 23 Wis. 445. While this defect made the pleading subject to motion, and in a proper case would be deemed to be waived by the opposite party, it cannot be so held here. The testimony shows that respondent's original cause of action, if any, was upon the contract. There was nothing, in our judgment, warranting the submission of the question of the reasonable value of plaintiff's

labor and services to the jury, except possibly in the sum of $115. When a contract, such as the one before us, is entered into and is breached by one of the parties, the other party may either sue upon his contract and recover on the contract in so far as it is performed, as well as the value of his bargain in so far as it is unperformed, provided he can show a loss of profits, or he may, because of such breach, waive the contract and sue as upon a *quantum meruit*, and recover the value of his labor or services. *Noyes v. Pugin*, 2 Wash. 653, 27 Pac. 548; *Chase v. Smith*, 35 Wash. 631, 77 Pac. 1069. He cannot pursue both remedies, for they bear a different measure of damage. The court, however, not only did not withdraw the second cause of action from the jury in so far as the logs and the logging road were concerned, but left it to the jury to determine whether one or both causes of action were before them, and upon this to fix the amount of recovery. It was left to the jury to determine the issue as well as the fact.

If it were possible to pass these things unnoticed we would do so, but the case as it comes to us makes it impossible to say that the jury rejected the false and rendered its verdict upon the true issue. It may have rejected the element of damages and based its verdict on the value of the logging road, or it may have allowed damages for a breach of the contract and lost profits and also a sum to cover the cost of the logging road on the *quantum meruit*, which would under the evidence have resulted in a double recovery. *Simons v. Cissna*, 52 Wash. 115, 100 Pac. 200.

Finding no way to sustain the judgment upon any assurance that a just verdict was rendered, this case will be reversed and remanded for a new trial, with directions to the lower court to compel an election of remedies on the part of plaintiff.

RUDKIN, C. J., FULLERTON, MORRIS, and GOSE, JJ., concur.