# Harton v. Johnston, et al.

## Bill to Enforce Resulting or Constructive Trust in Capital Stock.

(Decided Nov. 10, 1909. Rehearing denied Feb. 26, 1910.)
51 South. 993.)

1. *Corporations; Organization; Failure to Issue Stock.*—Where a corporation is validly organized in every other way, the organization is not defeated by a failure to issue certificates of stock, or to note the respective shares on the books of the corporation.

2. *Same; Interest of Stockholders; Right to Enforce.*—The stockholders of an existing corporation cannot enforce individual benefits that may or will accrue to them in virtue of their interest in the corporation, as primarily the corporation itself must assert and vindicate its own rights, although they may implead for the corporation when it is threatened.

3. *Same; Shareholders; Interest in Property.*—Shareholders in an existing corporation are not tenants in common of the corporate property.

4. *Same; Individual Interests of Stockholders; Dissolution of Corporation.*—Where a corporation organized for the purpose of selling real estate sells all its property to an investment company who assumes all the debts of the corporation as part consideration for the sale, and does not thereafter engage in the business for which the purchased corporation was incorporated, or earn or declare any dividends, such facts are not sufficient to show that such corporation was dissolved so as to authorize a stockholder to sue to enforce individual benefits that would accrue to him by virtue of his interest in the corporation.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

Bill by Hugh M. Harton against R. D. Johnston and others, to enforce and declare a resulting or constructive trust in one-half of the capital stock, income and properties of the Empire Realty Company. From a decree for respondents complainants appeal. Affirmed.

S. C. M. AMASON, for appellant. Appellant was a stockholder in the Ensly Realty Company.—26 A. & E. Enc. of Law, 825; 95 Wis. 145; *Knox v. Childersburg L. Co.,* 86 Ala. 180; 77 Md. 731; 40 Much. 110. The subscription was not in the nature of an advancement or gift to Lula B. Harton.—*Butler v. Merchants I. Co.,* 14 Ala. 777. The capital stock of a corporation is personal property.—*Burney Nat. Bank v. Pinkard,* 87 Ala. 577. A naked or dry trust of personal property is valid and enforceable in Alabama although made in parol.—*Patton v. Beecher,* 62 Ala. 579; *Sayre v. Weil,* 94 Ala. 466. The subscription of the stock in the name of his wife did not constitute it a fraudulent conveyance.—*Gowing v. Rich,* 1 Iredell 553; *Crozier v. Young,* 3 T. B. Monroe, 157. If the corporation was fraudulent in its inception no one can complain of that fact but the state.—*State, ex rel. Sanche v. Webb,* 110 Ala. 214. The Ensley Development Company was incorporated in strict compliance with the statutes of Alabama then existing.—90 N. Y. 87; 142 Mass. 352; 65 Mich. 122; 119 U. S. 345. Appellant can maintain this suit for the reason that he was in equity a joint owner or tenant in common with the other stockholders of the property of the corporation subject to the payment of its liability, and the bill shows that it was useless for him to seek relief through the offices of the corporation. —7 A. & E. Enc. of Law, 633; 26 Id. 901; 42 Cal. 99; 34 Am. St. Rep. 541; 52 Am. Dec. 412; 19 Ia. 263; 156 Fed. 954; *Montgomery T. Co. v. Harmon,* 140 Ala.,

505. Under the facts in this case the Ensly Realty Company voluntarily surrendered all of its corporate franchises and rights and went into dissolution.—*McDonald v. Ala. G. L. I. Co.*, 85 Ala. 401; *Nelson v. Hubbard*, 96 Ala. 238; 9 A. & E. Ency. of Law, 567; 10 Am. Dec. 273. Under the facts each shareholder became entitled to his pro rata share to the amount of the purchase money notes or the proceeds of same.—*Commercial F. I. Co. v. Montgomery County*, 99 Ala. 1. The court had authority to decree, in ordering a sale of all the property of the corporation to satisfy the lien of Gordon, a provision permitting and authorizing the use of the notes issued by the Ensley Developing Company to the Ensley Realty Company, in the purchase of said property at said sale in lieu of or as money.—17 A. & E. Enc. of Law, 984; *Patterson v. Crawford*, 96 Va. 661. Choses in action are assignable and no particular form is necessary, and hence, there was an equitable assignment of notes to Johnston.—*P. & M. I. Co. v. Tunstall*, 72 Ala. 142; 12 S. & M. 482; 39 No. 365; 6 A. & E. Ency. of Law, 727; 2 Id. 1055. A promissory note is capable of conversion so that trover will lie.—*Carter v. Lehman-Durr & Co.*, 90 Ala. 126; 28 A. & E. Enc. of Law, 649. A joint owner or tenant in common may be guilty of conversion of the interest of his co-tenant in chattels.—*Sullivan v. Lawler*, 72 Ala. 74; 108 N. C. 289; 30 Mich. 479; 28 A. & E. Enc. of Law, 713. The conversion of chattels can be effected by the legal assumption of ownership.—*Davis v. Hurt*, 114 Ala. 146; 28 A. & E. Ency. of Law, 681. The rules of law in regard to the conversion of choses in action will be enforced by a court of equity.—*Matthews v. Mobile M. I. Co.*, 75 Ala. 85; 11 A. & E. Ency. of Law, 175. Appellant had a one-half interest in the Ensley Development Company, notes issued in the purchase of the Ensley

[Harton v. Johnston, et al.]

Realty Company, and used to purchase the property of the Ensley Development Company at a receiver's sale, and was consequently entitled to a like interest in the stock, dividends, incomes and property.—*Kelly v. Browning*, 113 Ala. 420; *Howison v. Baird*, 40 South. 94. The sale was a judicial sale, and the doctrine of caveat emptor applies.—*Bland v. Bowie*, 53 Ala. 152; *Fore v. McKenzie*, 57 Ala. 115; 70 Am. Dec. 570. The Jefferson County Savings Bank is a necessary party defendant as it held part of the notes issued by the development company.—*Wilkerson v. May*, 69 Ala. 33; *Johnson v. Little*, 141 Ala. 382; 11 N. J. E. 302; 24 Id. 41. The averments of the amended bill was sufficient. —*McBroom, et al. v. Rives*, 1 Stew. 72; *Balkom v. Breare*, 48 Ala. 75. The bill was not multifarious.— *Randle v. Boyd*, 73 Ala. 282; *Fite, et al. v. Kennemar*, 90 Ala. 470. A guardian has no power or authority to sell personal or real estate of his ward without an order of the court of competent jurisdiction.—*Mason v. Buchanan*, 62 Ala. 110.

H. C. SELHEIMER, and CAMPBELL & JOHNSTON, for appellee. Stockholders as such cannot have an action in their own name against one who has injured a corporation, however much the wrongful act may have depreciated the value of his shares.—26 A. & E. Ency. of Law, 970. The case does not present the question as to when a stockholder may sue to redress a wrong or injury to a corporation.—26 A. & E. Enc. of Law, 972. The fact that a corporation has done no business for a number of years, and has no property except the claim sued on, does not enlarge the rights of the stockholders.—*Thompson v. Stanley*, 20 N. Y. Supp. 317.

McCLELLAN, J.—Hugh M. Harton (appellant) filed this bill against R. D. Johnston, E. F. Enslen,

[Harton v. Johnston, et al.]

Lula B. Harton, Ensley Realty Company, Ensley Development Company, Jefferson County Savings Bank, and the Empire Realty Company; the four last noted being corporations. Its theory and purpose is to assert, have declared and enforced, in behalf, alone, and for the sole benefit of Hugh M. Harton, a resulting or constructive trust in one-half of the capital stock, incomes, and profits of the Empire Realty Company. From the whole bill it readily appears that complainant's alleged basis for claim to the relief sought, as stated, rests alone upon his right to or ownership of one-half of the capital stock of the Ensley Realty Company. The bill expressly avers that the Ensley Realty Company was organized and incorporated under the laws then (1901) in force, for that purpose, in this state.—Code 1896, § 1251 et seq. The various and orderly processes for incorporation are exhibited, in copy, with the bill. Furthermore, the bill avers that complainant was elected, by the stockholders of the Ensley Realty Company, president, and general manager thereof. The minutes of the stockholders' meeting show the number of shares assigned to each subscriber. The proper authority issued the certificate of incorporation. Obviously, the Ensley Realty Company became a corporation, and so, notwithstanding the omission to issue certificates of stock or to note the respective shares on books of account of the company.

It is well settled that a stockholder of an existent corporation cannot enforce individual benefits that may or will accrue to him in virtue of his interest in the corporation. Primarily, the corporation itself must assert and vindicate its own rights. If, for any of the reasons the law recognizes, corporate interest is being sacrificed, either from failure to act or because of the adverse attitude of the controlling body to the corpor-

ate welfare, thereby entailing injury on the corporation, the stockholder may implead for the corporation, not in assertion of the ultimate individual right that the individual shareholder may have. For a wrong to the corporation, in respect to its rights or properties, the cause of action is that of the corporation, not that of the shareholder.—26 Am. & Eng. Ency. Law, pp. 970-973, and notes; *Montgomery Traction Co. v. Harmon,* 140 Ala. 505, 37 South. 371; *Jefferson Co. Bank v. Francis,* 115 Ala. 317, 325, 23 South. 48. Shareholders in an existent corporation are not tenants in common of the corporate property.—10 Cyc. p. 373, and notes.

To avoid the effect of these familiar legal principles, it is insisted for the complainant that the Ensley Realty Company ceased to exist as a corporation, because it, in 1902, sold all of its property to the Ensley Development Company, that company assuming all the debts of the Ensley Realty Company, and because the Ensley Realty Company has not since engaged in the business for which it was incorporated. A full answer to this insistence might be found in the fact that the insistence is broader than the averments of the bill in that connection. However, we will assume, for purposes of the argument only, that averments justifying the insistence appear in the bill.

It is well to first note that many of the authorities on which appellant would rest his contention in this regard had to deal with, either, a bill directly inviting judicial dissolution of a corporation, or forfeiture of its charter for cause, or with unequivocal corporate acts, through its stockholders or governing body, in expression of the purpose to surrender the exercise of corporate functions, and to cease its existence. Among these cases it will suffice to mention *McDonnell v. Ala-*

*bama Gold Life Insurance Co.,* 85 Ala. 401, 409, 5
South. 120, wherein it appears that a general assign-
ment, for the benefit of creditors of the insolvent cor-
poration, was made, and that the corporate assets were
turned over to trustees for distribution among the
creditors. Such decisions cannot be influential on this
occasion. Nor do the facts, assumed, as stated in this
bill, bring the asserted voluntary surrender of corpor-
ate existence within the rulings made, on that subject,
in the school of cases to which *Central Land Co. v. Sul-
livan,* 152 Ala. 360, 44 South. 644, belongs.

Among, if not the chief, charter powers of the
Ensley Realty Company, consonant with its name, was
the right to deal in real estate. Hence no significance
can be attached to the sale of all of the property (only
land is averred in the bill to have been its property) of
the Ensley Realty Company to the Ensley Development
Company. The transaction was in pursuit of the pur-
pose of incorporation of the Ensley Realty Company.
The fact that no dividends were earned or declared oth-
erwise by the Ensley Realty Company manifestly in-
dicated no intent to cease the exercise of corporate
functions. The debt assumed by the Ensley Develop-
ment Company as a part consideration for the sale of
the real estate, then held by the Ensley Realty Com-
pany, to the former company, was a debt created in the
original purchase of the land then conveyed by the
Ensley Realty Company to the Ensley Development
Company. By the very act consummating this transac-
tion, the Ensley Realty Company became entitled to
many thousands of dollars evidenced by the notes, pay-
able to it, of the Ensley Development Company, the
chief consideration for the conveyance mentioned. In
the litigation instituted by Gordon to enforce the pay-
ment of a demand against, and secured by a first lien
on the property of the Ensley Development Company,

the Ensley Realty Company's third lien to assure the payment of the notes mentioned was a factor and was declared, by the decree in that cause, a then existing liability of the Ensley Development Company; and, in respect of the sale ordered by that decree, and later effected, it was directed that the Ensley Realty Company's claim and lien should be receivable, upon conditions defined, in payment of the bid price at the sale. It appears from the exhibit to the bill that, among others concerned, the Ensley Realty Company, in 1906, so consented to the use of the sum of its established claim and lien in the purchase by R. D. Johnston of the property of the Ensley Development Company at the sale under the decree indicated.

It is unnecessary to pursue the facts further. There has been, on the averments of this bill, no dissolution of the Ensley Realty Company, the corporation.

Accordingly, the learned chancellor correctly ruled, sustaining the third ground of the demurrer, taking the point that the bill omits to show that property to which complainant had any legal or equitable title was appropriated or used in the purchase of the property of the Ensley Development Company by R. D. Johnston, or the appropriation or use of any such property by the Empire Realty Company.

On the theory to be read from the bill, the special demurrer of the Jefferson County Savings Bank was properly sustained. That institution, it appears, was not concerned in the Empire Realty Company, nor does it appear to have shared in the incomes and profits of that corporation.

The decree, for the reasons given, is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.