# Mutual Loan Soc., Inc. *v.* Stowe.

### Assumpsit.

(Decided November 21, 1916. 73 South. 202.)

1. **Contracts; Performance; Breach.**—Where one party to a contract repudiates it, the injured party may treat the contract as rescinded, and recover upon the quantum meruit; if in performing he has paid money to the other party, he may maintain an action for money had and received, or he may keep the contract alive, holding himself ready to perform at the time specified, and maintain assumpsit for a breach of the contract, recovering the loss sustained, and profits he would have realized, which are not speculative, or where specific performance is possible, he may compel such performance in equity.

2. **Election of Remedy; Action on Contract.**—If one party to a contract repudiates it, the injured party may elect to pursue one of several remedies; but since these remedies carried a different measure of relief, they cannot be concurrently pursued.

3. **Pleading; Breach of Contract; Demurrer.**—While it is not the purpose of the statute to authorize the prosecution in the same action of inconsistent remedies arising out of a single transaction, yet where it does not appear on the face of the complaint that the several counts of the complaint are predicated on a single transaction, and that the several counts embody inconsistent remedies, that question cannot possibly be raised by demurrer.

4. **Contract; Breach; Tender of Performance.**—After a party to a contract has repudiated or broken it, he cannot re-instate the contract by an offer to perform.

5. **Corporations; Sale of Stock; Tender of Performance.**—Where the action was for a breach of the contract to deliver corporate stock, a tender of the stock at the time of the trial would not satisfy plaintiff's claim for damages resulting from a breach of the contract, if the stock had become worthless.

6. **Same.**—In this action, the evidence of an alleged payment to the agent of the corporation is insufficient to take to the jury the counts for money had and received.

[Mutual Loan Soc., Inc. v. Stowe.]

7. Same,—Under the evidence in this case, the question of the breach of the contract alleged to have been with the agent of the corporation, was sufficint to take that question to the jury.

8. Same.—Under the evidence in this case, the value of the stock sold at the time of the contract, was a question for the jury.

9. Same; Measure of Damages.—In an action for the breach of a contract to deliver corporate stock, the measure of damages would be the market value of the stock as it existed when the breach occurred, and not necessarily what plaintiff paid for it.

10. Appeal and Error; Review; Rule 34.—Under rule 34, circuit court practice, it is not error to refuse to direct the verdict because of a variance, in the absence of a showing in the record that an appropriate objection was made to the evidence, or that the court's attention was otherwise directed to it at the proper time.

11. Estoppel; Breach of Contract; Pleading.—Notwithstanding the acceptance of dividends on the stock by plaintiff might operate as an estoppel against maintaining an action to recover the value of the stock because of a breach of the contract to issue the certificate, yet to be availing, such a defense must be set up by special plea.

12. Corporation; Sale of Stock; Breach; Instructions.—Where the action was for the breach of a contract to deliver corporate stock, and defendant conceded the right of plaintiff to recover at least nominal damages, a charge that if the jury believed that defendant treated plaintiff as a stockholder by paying dividends to plaintiff, and plaintiff accepted same, plaintiff would not be entitled to recover, was properly refused.

13. Same; Evidence.—The evidence in this case was sufficient to support a verdict for plaintiff for breach of the contract to deliver corporate stock, and to justify the refusal of a new trial.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by C. R. Stowe against the Mutual Loan Society, Incorporated, in assumpsit. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 claims for money had and received, in that defendant, acting by and through its agent and servant, one Kay, whose name is otherwise unknown, and who was then and there acting in the line and scope of his authority as such, obtained from plaintiff an order or subscription for 25 shares of the capital stock of the Mutual Loan Society, Incorporated, for which plaintiff paid defendant the sum of $250, whereupon defendant, through its agents and servants, acting within the line and scope of their authority, failed and refused to issue said shares of stock to the plaintiff. Count 2 is the same as 1, except that it alleges the agent to be Geo. H. Lowe. (3) Plaintiff claims of defendant $250 for the breach of a certain contract made by

and between plaintiff and defendant on April 17, 1912, the defendant acting by and through its agent and servant, one Kay, whose name is otherwise unknown to plaintiff, and who was acting within the line and scope of its authority, for the purchase of 25 shares of the principal stock of the Mutual Loan Society, Incorporated, for which plaintiff gave defendant the sum of $250, but defendant thereafter breached said contract and failed and refused to issue to plaintiff said 25 shares of stock; due demand having been made by plaintiff on defendant for said stock after the payment by him of said $250. (4) Same as 3, except that the servant is alleged to be Geo. H. Lowe. (5) Same as 1 and 2, except the servant or agent is alleged to be John H. Lowe. (6) Same as 3 and 4, except the servant is alleged to be John H. Lowe. The count was amended by substituting the words "Oct., 1913," for April 17, 1913."

The following pleas were interposed for defendant: (4) Defendant says that each count is for money paid for stock in defendant corporation, and that it is ready and willing to perform its contract with plaintiff, and has offered to do so since this action was commenced, and prior to the filing of this plea, has tendered the stock alleged to have been paid for, to wit, 25 shares. (5) Same as 4, with the additional allegation that plaintiff refused to accept said certificate of stock, and defendant now brings said certificate into court. (6) Denies the agency of Kay, and asserts that he never had any right, power, or authority to act for defendant for any purpose whatever to accept any money, or make any contract, or to collect any money alleged to have been paid by plaintiff to him as the agent of defendant, and defendant further avers that, if any sum of money was paid to said Kay, it has not received same or any benefit therefrom.

The court orally instructed the jury that the measure of damages would not necessarily be what plaintiff paid for the stock in the year 1913, but the market value of the stock as it existed when the breach occurred, and the breach occurred, if at all, at the time the company ought to have issued the stock, and refused to do so, which, according to the testimony, was in the year 1914. The charge made the basis of the tenth assignment of error is as follows:

"If the jury believe from the evidence that defendant treated plaintiff as a stockholder, by paying to plaintiff dividends, and

that plaintiff accepted same, then plaintiff would not be entitled to recover.

G. W. YANCEY, for appellant.   DAVID S. ANDERSON, for appellee.

BROWN, J.— (1, 2)  When one party to a contract repudiates it, the injured party may elect to pursue one of several remedies. He may treat the contract as rescinded, and recover upon the quantum meruit, so far as he has performed; and, if in performing his part of the contract, he has paid money to the other party, he may maintain an action for money had and received; or he may keep the contract alive for the benefit of all parties, holding himself at all times ready and able to perform, and at the end of the time specified in the contract for performance maintain assumpsit as for a breach of the contract, and recover the loss sustained, and profits, not speculative, he would have realized, if he had not been prevented from performing the contract; or, where specific performance can be compelled, he may, by proceedings in equity, compel specific performance.—*Packer v. Button*, 35 Vt. 188; *Gabrielson v. Hague Box & Lumber Co.*, 55 Wash. 342, 104 Pac. 635, 133 Am. St. Rep. 1032; *Ketchum v. Everton*, 13 Johns. (N. Y.) 359, 7 Am. Dec. 384; 6 R. C. L. 1032, § 389.  These remedies carry a different measure of relief and cannot be concurrently pursued.—*Gabrielson v. Hague Box & Lumber Co., supra.*

(3) Under our statute, all actions upon contract, express or implied, may be united in the same action, and the statute provides:   "The issue may be determined separately by the jury *under the direction* of the court, and the costs fairly apportioned."

While it is not the office of this statute to authorize the prosecution in the same action of inconsistent remedies arising out of a single transaction, where, as in this case, it does not appear on the face of the complaint that the several counts of the complaint are predicated on a single transaction, and that the several counts embody inconsistent remedies, the question is not properly presented by demurrer.

(4, 5)  After a party to a contract has repudiated or breached it, he cannot reinstate the contract by an offer to perform; and hence pleas 4, 5, and 6 were obviously bad.  Furthermore, it

might be that the stock at the time of the breach was valuable, and at the time of the trial it was worthless. This being true, a tender of worthless stock would not satisfy the plaintiff's claim for damages resulting from a breach of the contract. The rulings of the court on the demurrer to the complaint and the demurrer to the pleas were free from error.

(6, 7) The evidence is in conflict as to whether the plaintiff was ever recognized as a stockholder in the corporation. The appellant's contention, from the evidence, seems to have been that he was not a stockholder; that Lowe had no authority to sell stock, or authorize its sale, and no authority to pay dividends thereon; and it was shown that plaintiff's name did not appear upon the books as a stockholder. On the other hand, there is evidence tending to show that both Lowe and Kay were either agents of the defendant, with authority to contract for the sale of stock, or that they were held out as such, and that they contracted to sell and deliver to the plaintiff 25 shares of stock, and that plaintiff paid therefor. There is also evidence tending to show ratification of the contract, and afterward a breach thereof by the defendants. At the conclusion of the evidence the court directed a verdict for the defendant, at its request, as to the counts for money had and received, and refused the affirmative charge as to the other counts requested by the defendant.

(8) In these rulings no error of which appellant can complain is shown. In addition to the tendencies of the evidence above stated, the evidence tended to show that the common stock of the corporation was put on the market and sold at $10 per share up to a short time before the alleged breach of the contract sued on; and while the defendant offered some evidence tending to show that the stock was worthless, it was a question for the jury as to what, if any, value the stock had at the time the contract was breached.

(9) The measure of damage was properly stated by the court as the value of the stock at the time of the breach.—*Sibley v. Barclay*, 14 Ala. App. 422, 70 South. 201.

(10) The refusal of the affirmative charge as to the third count of the complaint is within rule 34 of the circuit court practice, and error to work a reversal will not be predicated thereon, because of a variance, in the absence of a showing in the record that an appropriate objection was made to the evidence.—*Woodward Iron Co. v. Steel*, 192 Ala. 538, 68 South. 473.

(11, 12) While the certificate of stock is mere evidence of the relation of the person to whom issued as a stockholder, and is not at all essential to the relation, and while the acceptance of dividends by the plaintiff might, if properly pleaded, operate as an estoppel against him from maintaining an action to recover the value of the stock because of a breach of the contract to issue such certificate, such defense cannot be availed of in the absence of a special plea.—*Jones v. Peebles*, 130 Ala. 373, 30 South. 564; 3 Mayf. Dig. 430, § 10. Furthermore, it is conceded by appellant that the plaintiff, although a stockholder, if a breach of the contract to issue the stock was shown, could recover at least nominal damages. This being true, the refused charge made the basis of appellant's tenth assignment of error was properly refused.

(13) The other special charges refused to the defendant are not lettered or numbered, and it is not practical to refer to each and separately point out the vice to which it is subject; but we have examined all of them, and find that they were either invasive of the province of the jury, gave undue prominence to certain facts, were abstract, or ignored some tendency of the evidence.

There was evidence which, if believed, authorized the verdict rendered, and justified the refusal of a new trial.—*Southern Ry. Co. v. Kirsch*, 150 Ala. 661, 43 South. 796; *Cobb v. Malone*, 92 Ala. 630, 9 South. 738.

The judgment is affirmed.

Affirmed.