(93 South. 323)

## DAVIS v. LIME COLA BOTTLING WORKS.
### (3 Div. 414.)

(Court of Appeals of Alabama. June 6, 1922.)

1. **Corporations ⬳83—Stock subscriber cannot rescind and recover amount paid unless corporation repudiates her rights or denies her a certificate.**

In the absence of evidence that a corporation repudiated a stock subscriber's rights as stockholder, or denied her right to a certificate of stock representing her title, she cannot rescind and recover the amount paid on her subscription.

2. **Corporations ⬳88—Stock subscriber seeking to recover money paid for refusal to issue certificate must demand repayment.**

A subscriber to corporate stock seeking to recover back the money paid on his subscription because of the corporation's wrongful refusal to issue a stock certificate must demand repayment of the money.

3. **Money received ⬳6(2)—Money paid defendant's predecessor for stock never issued held not recoverable as money had and received.**

Where plaintiff agreed to purchase stock in the P. Company and paid therefor, and defendant thereafter took over the P. Company's assets and agreed to issue its stock to the subscribers, and for six or seven years never questioned or disputed plaintiff's rights as a stockholder, and, on her request for a stock certificate, offered to issue a duplicate certificate, the money paid the P. Company cannot be recovered from defendant as money had and received,

4. **Evidence ⬳352(4)—Stub of stock certificate book admissible as tending to prove issuance of stock.**

The stub of a stock certificate book in the handwriting of one of the two officers of the company at the time it purported to have been written was admissible as tending to prove the issuance of a certificate of stock.

5. **Corporations ⬳94—Not indispensable that certificates of stock be issued.**

It is not indispensable to the existence of a corporation that certificates of stock be issued.

6. **Corporations ⬳65—Shares of stock are personal property.**

Shares of corporate stock, and not the certificates representing them, are personal property.

7. **Corporations ⬳109—Equity will not require issuance of stock certificate in lieu of one lost without protection to corporation.**

Where a stock certificate has been issued and lost, a court of equity will not require the issuance of a new certificate unless "in duplicate" without providing some protection to the corporation.

8. **Corporations ⬳109—Offer to issue duplicate certificate on giving of indemnity bond not denial of rights.**

The offer of a corporation to issue a certificate marked "duplicate," to a stockholder whose certificate had been lost, accompanied by a demand for a bond to protect the corporation, was not a refusal to issue the certificate, nor a denial of the stockholder's rights as such.

9. **Corporations ⬳78—Subscriber has no right of action for breach of contract when corporation did not refuse certificate or repudiate title.**

Without proof that a corporation repudiated a stock subscriber's title as a shareholder, or refused to issue a certificate, she has no right of action against the corporation for breach of contract.

10. **Corporations ⬳78—Measure of damages for breach of contract to issue stock stated.**

The measure of damages in an action for breach of contract to issue and deliver stock is the value of the stock at the time of the breach.

11. **Corporations ⬳78—Judgment for more than nominal damages for refusal to issue stock unauthorized without proof of value.**

In the absence of proof of value of corporate stock, a subscriber could in no event recover more than nominal damages for breach of contract to issue and deliver the stock.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Assumpsit by Mrs. Amanda Davis against the Lime Cola Bottling Works. Judgment for defendant and plaintiff appealed. Affirmed.

The action is stated in three counts: First, on account; second, money paid by plaintiff at defendant's request; and, third, for money had and received.

Gustave F. Mertins, of Montgomery, for appellant.

The plaintiff was entitled to her certificate of stock, or to have the money paid refunded. 116 Wis. 344, 93 N. W. 9; 14 C. J. §§ 703–705, 720. Counsel discuss other assignment of error, but without further citation of authority.

Steiner, Crum & Weil, of Montgomery, for appellee.

The court properly rendered a judgment for the defendant. 15 Ala. App. 293, 73 South. 202; 146 Ala. 568, 40 South. 1018; 126 Ala. 535, 28 South. 517; 40 South. 47; 197 Ala. 466, 73 South. 92; 17 Ala. App. 158, 82 South. 648; 4 Thompson on Corp. 128; 8 Thompson on Corp. 414. There was no error in admitting the stub of the stockbooks. 204 Ala. 451, 86 South. 71; 97 Ala. 408, 11 South. 883; 192 Ala. 16, 68 South. 261.

BRICKEN, P. J. In 1915 the appellant agreed to purchase some stock in the Pepto-lac Bottling Company. The certificate of stock in that company was never issued to her, but the receipt for the money was de-

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

'livered to the appellant. Under an agreement between the Pep-to-lac Bottling Company and the Lime Cola Bottling Works, the two concerns were consolidated, the Lime Cola Bottling Works taking over the assets of the Pep-to-lac Bottling Company, and assumed all its liabilities. After this consolidation, the receipt from the Pep-to-lac Company issued to the appellant was delivered to the Lime Cola Bottling Works, and, in exchange for that receipt, they gave the appellant receipt for $200, being in full payment for 20 shares of capital stock of the Lime Cola Bottling Works at the rate of $10 per share; there was an arrangement between the appellant and the Lime Cola Bottling Works that she should be issued stock in the Lime Cola Bottling Works in lieu of the stock she would be entitled to in the Pep-to-lac Bottling Company. On the back of the above-mentioned receipt, which is dated November 4, 1915, it is provided:

"It is understood that said stock will be issued when this contract and accompanying settlement are approved by the Lime Cola Bottling Works of Montgomery. * * * Stock will be delivered to the appellant when settled for in full."

It is appellant's contention that no certificate of stock has ever been issued or delivered to her, and that some time after the transaction above referred to she demanded that the certificate be issued. On this point the evidence of her agent who handled the transaction for her is:

"I did not make any effort for some time to get those shares of stock for Mrs. Davis, but when I asked for them they could not be found. I went to the parties in search of them. I could not really say, but I suppose Mr. Chandler King has charge of the Lime Cola Bottling Works now. I went to Mr. King and asked him for the stock, and also asked the bookkeeper before I asked Mr. King, and he said it had been issued, but I have not found it, and at first he refused to do anything, but I think he finally made an offer to issue duplicate stock. * * * The stock was never delivered to me. He told me they could not find it. He told me he thought it was outstanding, but I did not have it. He said something about requiring a bond before he would issue the stock. He said the usual proceedings when stock was lost was to require a bond. Said he would have to have a bond for about $500, and then mark the certificate 'duplicate.'"

Mr. King had nothing to do with the original organization of the Lime Cola Bottling Works, it having been operated about two years before he became connected with it. He testified that he knew nothing personally about the stock, but that he had custody of the Lime Cola Bottling Works stock book. It came into his possession when he became connected with that company. He identified the stock book, and the appellee offered in evidence the stub of the stock book in support of its contention, and that it had complied with its contract to deliver the stock to the appellant when it had been paid in full. This stock book and the stub in question were identified by plaintiff's witness Lindsey, the record containing the following, statement:

"The witness here identified the stock book of the Lime Cola Bottling Works which contained the stub of a certificate which purported to have been issued to plaintiff for $200 of stock par value. The stock was detached from the stub. This stub appeared in regular order in the stock book."

He also testified that the stub was in the handwriting of Mr. Lister or Mr. Adair, the then president of the Lime Cola Bottling Works, both of whom were at the time of this trial out of the state.

The evidence does not show that King, or any one representing appellee, denied that appellant was a stockholder in the company, or repudiated her rights as such, but admitted that she was a shareholder. It appears that appellant's evidence, as well as the evidence of Mr. King, shows conclusively that appellee was willing to issue a duplicate certificate of stock at any time, and actually tendered a duplicate certificate to the plaintiff in open court on the trial.

On the conclusion of the evidence the trial judge rendered judgment for appellee, from which ruling this appeal was taken by appellant, assigning as error: (a) The ruling of the trial judge in permitting appellee to offer in evidence the stub of the stock certificate book; (b) in rendering judgment for appellee against appellant.

We are of the opinion that the court properly entered judgment for appellee, and that the errors assigned are without merit.

It appears conclusively that the evidence offered by appellant in support of her complaint fails entirely to sustain either of the counts. There appears no evidence whatever to establish an account stated, or the count for money paid, and the first and second counts of the complaint are not sustained, and must be eliminated from the case, for that reason.

[1] It therefore follows that, if appellant was entitled to recover at all, it can only be under count 3, which is for money had and received. And, as aptly stated in brief by counsel for appellee in the absence of evidence that appellee repudiated appellant's right as a stockholder, or denied her right to a certificate of stock representing her title as a stockholder, she cannot rescind and recover the amount of money paid as a subscriber for the stock. Mutual Loan Society v. Stowe, 15 Ala. App. 293, 73 South. 202; 8 Thompson on Corporations, § 3527, p. 414; Id., vol. 4, § 3527, p. 128; Elliott v. Howison, 146 Ala. 568, 40 South. 1018.

In Mutual Loan Society v. Stowe, supra, decided by this court, also involving an ac-

tion for failing to issue stock in a corporation, the trial court gave the affirmative charge for the defendant as to counts for money had and received, it not appearing that the plaintiff had been denied asserted rights as a stockholder in the corporation, and, on appeal to this court, the case was affirmed.

[2] Mr. Thompson, in his work on Corporations (volume 4, § 3527, p. 128), recognizes the right of a subscriber for corporate stock to recover back money paid on his subscription in the event of a wrongful refusal of the corporation to issue the certificate, if such were the agreement, but this remedy can only be invoked provided the subscriber gives notice of his election to pursue it and makes a demand for the money. That a demand under such circumstances is necessary is also the law in this state. Tobias v. Morris & Co., 126 Ala. 535, 28 South. 517; First National Bank v. Amanda Williams, 206 Ala. 394, 90 South. 340. It appears here that there is no evidence that appellant ever elected to rescind in this case, neither is there evidence that she ever made demand for the amount of money paid by her, while, on the other hand, the evidence is uncontroverted that appellee admitted appellant's title as a shareholder and proposed to comply with her request by issuing a duplicate certificate for the stock.

[3] Moreover, the evidence is without dispute that the money paid by appellant for the stock was paid to the Pep-to-lac Company, and was never actually received by appellee, appellee only taking over the physical assets of the Pep-to-lac Company, and agreeing to issue its stock to the stockholders of the Pep-to-lac Company. Under such facts, the count for money had and received is not sustained. Illinois Life Ins. Co. v. Jaffe, 145 Ala. 676, 40 South. 47; Howton v. Mathias, 197 Ala. 466, 73 South. 92; Moody v. Walker, 89 Ala. 619, 7 South. 246; Nelson v. First National Bank, 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52.

The evidence shows that appellant waited for six or seven years to demand the certificate of stock, and at that time all persons originally connected with appellee had left, her rights as a shareholder in the meantime never having been questioned or disputed, and her request for the certificate, when made, being answered by an offer to issue a duplicate certificate; the evidence further shows without dispute that the money paid for the stock was not paid to appellee; it therefore follows that appellant has not shown she is in equity and good conscience entitled to recover. L. & N. R. R. Co. v. Camody, 17 Ala. App. 158, 82 South. 648.

[4] Assignments of error first and second relate to the ruling of the court in permitting appellee to introduce in evidence the stub of the stock certificate book. This stub was relevant as tending to prove that the certificate of stock had been issued to appellant. The evidence showed it was the stock certificate book kept by appellee company, and the handwriting was that of one of the two officers of the company at the time it purports to have been written. 4 Thompson on Corporations (2d Ed.) § 3519, p. 123, states:

"The stub of a book from which certificates have been detached has been held admissible as evidence of the issue of the stock"—citing Weber v. Fickey, 47 Md. 196.

And in Oden v. Vaughn, 204 Ala. 451, 85 South. 784, the Supreme Court held:

"A stock book is the evidence of ownership and the right to benefits and liability as such."

[5-7] It may be said that it is not indispensable to the existence of a corporation that certificates of stock be issued. Harton v. Johnson, 166 Ala. 321, 51 South. 992. "A certificate of stock does not constitute the share, but is merely an evidence or muniment of" the shareholder's title. Birmingham National Bank v. Roden, 97 Ala. 408, 11 South. 883; Jefferson County Savings Bank v. Compton, 192 Ala. 16, 68 South. 261; Frenkel v. Hudson, 82 Ala. 158, 2 South. 758, 60 Am. Rep. 736. Shares of stock, and not the certificates representing them, are personal property, and are by our statute made subject to levy and sale. Oden v. Vaughn, 204 Ala. 451, 85 South. 779. In Birmingham National Bank v. Roden, supra, the Supreme Court held a court of equity would enforce by specific performance the issuance of certificates of stock upon the corporation's refusal to issue them, and, in the event of the inability of the corporation to perform, would by alternative relief compensate in damages. Specific performance was granted where a certificate of stock was lost or stolen, in East Birmingham Land Co. v. Dennis, 85 Ala. 565, 5 South. 317, 2 L. R. A. 836, 7 Am. St. Rep. 73. Where a certificate of stock has been issued and lost, a court of equity will not require the issuance of a new certificate unless it is "in duplicate," without providing some protection to the corporation. Keller v. Eureka Brick Co., 43 Mo. App. 84, 11 L. R. A. 472; 4 Thompson on Corporations (2d. Ed.) § 3528, p. 130.

[8, 9] It will be noted from this last-cited authority several of the states have statutes regulating the issue of additional or duplicate certificates, but these statutes are considered cumulative of the equitable right to specific performance. It would seem, therefore, that appellee, in proposing to issue a certificate, marked "duplicate," was within the legal principles so recognized, and a demand for a bond to protect the corporation was not unusual. At any rate, this position on the part of appellee was not a refusal to issue the certificate nor a denial of appellant's rights as a shareholder in the corporation, with all of its accruing benefits. Without proof that appellee repudiated ap-

pellant's title as a shareholder or refused to issue a certificate, appellant has no right of action against appellee for breach of contract, as there was a failure of proof to establish such breach. The fact that appellant's husband seemed to have had some misgivings as to what he could do with a duplicate certificate does not establish her contention that appellee refused to issue and deliver a certificate to her. As has been said, appellee, in offering to issue the duplicate certificate was proposing to do all that could have been required in a court of equity. There are cases in the books holding a corporation liable for wrongfully refusing to issue and deliver certificates of stock, but these actions were all based on specific agreements, and were supported by proof of a purpose to disregard the rights of the asserted stockholder. This is not the case here, and if it were, there could be no recovery, as this action is not one for breach of contract.

[10, 11] The measure of damages in an action for breach of contract to issue and deliver stock is the value of the stock at the time of the breach. Mutual Loan Society v. Stowe, 15 Ala. App. 296, 73 South. 202; Sibley v. Barclay, 14 Ala. App. 422, 70 South. 201; Birmingham National Bank v. Roden, 97 Ala. 406, 11 South. 883. There was no proof offered by appellant as to the value of the stock at the time it is contended the alleged breach, if any, occurred. Appellee attempted to prove that the stock was worthless, but was not permitted to do so by the trial court on objection made by appellant. In the absence of proof of value, appellant in no event could have been entitled to judgment for more than nominal damages, and, if such were the case, it would not be reversible error. Blackburn v. Ala. G. So. R. R. Co., 143 Ala. 350, 39 South. 345, 5 Ann. Cas. 223.

From what has been said we are of the opinion that the trial of this cause in the circuit court was without error. Judgment was properly rendered for defendant in the court below (appellee here), and that judgment is hereby affirmed.

Affirmed.