[No. 18503.   Department One.   August 28, 1924.]

W. B. STAPLES *et al., Respondents,* v. JAMES D. ESARY
*et al., Appellants.*[1]

PLEADING (28-1)—COMPLAINT — SEPARATE COUNTS — ALTERNATIVE ALLEGATIONS. Where plaintiff seeks but one recovery for services and the use of property, he may plead alternatively one cause of action on express contract, and another cause on *quantum meruit.*

APPEAL (280)—RECORD—STATEMENT OF FACTS—INSTRUCTIONS. It cannot be said that instructions are prejudicially erroneous to the extent of requiring a new trial in the absence of a statement of facts bringing up the evidence, where it is conceivable that under the evidence they might have been harmless.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 12, 1923, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract.   Affirmed.

*Byers & Byers,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondents.

MACKINTOSH, J.—Respondents sought judgment against the appellants in the sum of $1,746.12.

In their complaint respondents allege that this amount was due under a contract entered into between the respondents and the appellants for the use of certain property belonging to respondents and for the respondents' services.   These allegations are contained in the first cause of action.   Evidently being concerned as to the sufficiency of their evidence to substantiate an express contract, respondents set out a second cause of action asking for the same amount as the reasonable value of the use of the property and the services rendered.   The prayer was for only one recovery.   The appellants moved against this complaint to strike either

[1]Reported in 228 Pac. 514.

the first or second cause of action or to compel the respondents to elect upon which cause of action they would proceed, upon the theory that the complaint stated two separate, distinct and inconsistent causes of action.

This presents the first assignment of error and we are called on to determine whether plaintiff may ask in his complaint alternative relief, either upon an express contract or in *quantum meruit,* in the same transaction.

In *Gabrielson v. Hague Box & Lum. Co.,* 55 Wash. 342, 104 Pac. 635, 133 Am. St. 1032, the court said that, where the plaintiff alleged in distinct and different counts one cause of action for a breach of contract and another in *quantum meruit* covering the same subject-matter, this pleading "finds no favor under present statutes and is inconsistent with their spirit. . .

. He cannot pursue both remedies for they bear a different measure of damages." The language of the court in that case is broad enough to taboo the pleading such as the complaint in this suit. The decision was probably correct, however, for the reason that in that case the answer of the defendant admitted the express contract and the pleading of the *quantum meruit* therefore became immaterial. Eight months later the court, in a decision (*Holm v. Chicago, Milwaukee & P. S. R. Co.,* 59 Wash. 293, 109 Pac. 799) which does not refer to the *Gabrielson* case, held that a plaintiff may plead in the alternative an express contract or an implied one in *quantum meruit,* without being subject to an election. The court there goes into the authorities and says:

"As we have seen, the appellant predicates his right to recovery both upon an express contract and upon a *quantum meruit.* A party may present his case in the alternative. The wisdom of the rule is apparent. In

many cases a reasonable doubt may exist in the mind of the pleader whether there was an express contract and, if so, whether his evidence is sufficient to establish it. In such cases a prudent pleader will so frame his pleading as to admit proof and to permit a recovery upon either ground."

That language again covers the exact situation presented by the complaint in the case here and in effect reverses much of the *Gabrielson* case, *supra,* and states a contrary rule. The law seems to have remained in that condition until the case of *Coleman v. St. Paul & Tacoma Lum. Co.,* 110 Wash. 259, 188 Pac. 532, where incidental reference is made to the *Gabrielson* case. The *Holm* case, *supra,* seems to have escaped the attention of both court and counsel, and it is said:

"Each of the purported causes of action is founded upon the same transaction and, instead of being a statement of separate causes of action, it is a statement of a single cause of action in different forms or counts. This was a familiar practice at the common law, but it has no sanction in the procedure as prescribed by the code. Indeed, we have heretofore condemned it. *Gabrielson v. Hague Box & Lum. Co.,* 55 Wash. 342, 104 Pac. 635, 133 Am. St. 1032."

That opinion would seem to have breathed life again into the doctrine announced in the *Gabrielson* case, *supra,* but again the decision in the *Colman* case, *supra,* is probably correct, for the reason that the complaint had not been attacked by a motion to elect or to strike one or the other of the causes of action, for there the attack was made by a demurrer on the ground that no cause of action was stated, and the complaint, stating some cause of action, the demurrer was properly overruled.

The rule laid down in the *Holm* case, *supra,* is correct. It states the law as it ought to be and as it has been held to be in scores of cases. Text books and

decisions might be cited to the point of exhaustion confirming the rule that a plaintiff may, where he is seeking but one recovery, plead in the alternative either upon an express contract or in *quantum meruit*. There is no reason why a plaintiff who may have some legitimate question as to his ability to prove an express contract should, at his peril, be compelled to sue either upon that or upon *quantum meruit* and take the risk of having to begin a second action in the event he is unable to prove the one he first chose.

That there may hereafter be no question in this jurisdiction upon this subject, the doctrine of the *Holm* case is affirmed and that announced in the *Gabrielson* and *Colman* cases, *supra,* in so far as it is in conflict with the *Holm* case, is repudiated.

Other errors are assigned in regard to instructions of the court. There is no statement of facts or bill of exceptions showing what occurred at the trial, and while the instructions may not correctly state the law applicable to the pleadings, it is impossible for us to say that they were not correct in view of what may have happened during the course of the trial. We have recently, in *State v. Greenwald,* 129 Wash. 159, 224 Pac. 386, had occasion to consider this question and there said:

"We are unable to say that they [alleged erroneous instructions] were prejudicially erroneous to the extent of calling for a new trial in this case, because we are not advised by statement of facts or bill of exceptions as to what occurred upon the trial of the case which might have cured, or rendered without prejudice, this claimed error.    .    .    .    it is conceivable that some evidence might have been introduced or something might have occurred at the trial of this case that would show the instructions here complained of to be wholly without prejudice to the rights of appellants."

Error is also assigned for the court's having entered a judgment not in conformity with the instructions and the verdict. We find no merit in this assignment, as the judgment was entered for the full amount claimed, the jury having found that, in addition to the sum of $775 tendered, the appellants were entitled to $971.12.

The judgment is affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.