(138 So. 292)

### BROTHERHOOD INS. CO. v. HARRIS.
#### 6 Div. 828.

Court of Appeals of Alabama.
April 14, 1931.

Rehearing Granted June 16, 1931.

Rehearing Denied June 30, 1931.

Wilkinson & Burton, of Birmingham, for appellant.

Harsh & Harsh and J. T. Roach, all of Birmingham, for appellee.

396

RICE, J.

This was a suit by appellee against appellant for damages on account of the breach of an insurance contract described as "hospital insurance," whereby appellant agreed, etc., to furnish to appellee hospital services, including nursing, board, use of operating room, ether, medical treatment, surgical treatment, X-Ray treatment, while confined to a hospital selected by the "above named company" (appellant). It was also provided in said contract that the services mentioned were to be furnished to any member of the immediate family of the appellee.

The basis of the claim made in the suit is the failure or refusal of appellant to furnish, etc., the services mentioned to the wife of appellee, etc.

There are no questions raised as to the pleadings.

There seems no question that the policy contract, referred to, was issued by appellant, that it was in force, etc., at the time of its alleged breach, and that appellee's wife, under its terms, was entitled, in the failure of the defenses offered by appellant, to receive the services referred to, etc.

Appellant's argument to the effect that it was due the affirmative charge as for a failure of the evidence to afford an inference that appellee, or his wife, ever applied to appellant for the services, etc., to allow it "to select a hospital," etc., is met by the fact that appellee's testimony was to the effect that,

when his application for the policy was taken, and the first premium paid, the agent representing appellant in the transaction *designated* the hospital he was to go to, and that, in accordance with this instruction, he did go to *that* hospital. See Hartford Fire Ins. Co. v. Guthrie, ante, p. 104, 131 So. 246, certiorari denied by Supreme Court, Id., 222 Ala. 146, 131 So. 248.

The evidence affording a fair inference, which the jury evidently drew, that appellant, on a specified date, definitely breached its contract, it could not reinstate the contract by a later offer to perform. Mutual Loan Soc., Inc., v. Stowe, 15 Ala. App. 293, 73 So. 202.

The measure of damages for the breach of the contract here in question was the reasonable value of the services to be rendered. Trustees of Howard College v. Turner, 71 Ala. 429, 46 Am. Rep. 326; Rose's Ex'rs v. Bozeman, 41 Ala. 678.

Where counsel for appellant argues in bulk, as if presenting but one, several assignments of error, and one (any one) of such assignments is clearly without merit, it is not incumbent upon us to consider the others of same. City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337.

There was no motion for a new trial, and the question of the excessiveness vel non of the damages awarded, is not presented to us. Where this is the case, errors, if errors there were, in rulings touching the measure only, of damages, etc., are not prejudicial. Birmingham Belt Railroad Co. v. Hendrix, 215 Ala. 285, 110 So. 312.

Able counsel are on both sides of this case, but the appellant's brief is prepared without regard to Supreme Court Rules 10 and 12.

Appellee's brief, while pointing out the deficiency in that for appellant, with reference to the two rules mentioned, and containing much valuable information for the court, is yet of such undue length as to make it difficult to avail ourselves of the aid it doubtless contains.

We are by no means sure that what we have written deals in an adequate way with the points appellant would present. But we have carefully studied, in the light of the law as we understand it, the rulings of the lower court underlying the assignments of error deemed by us to be even slightly insisted upon, and we have satisfied our minds, and hold, that there is prejudicial error in none of said rulings.

The case was fairly tried, and it is not even claimed that the damages awarded were excessive.

The judgment ought to be, and is, affirmed.

Affirmed.

## On Rehearing.

SAMFORD, J.

Plaintiff brings this action for the breach of a contract of insurance issued by defendant in writing, which is in the following language:

"The Brotherhood Insurance Company, Inc.,
"Birmingham, Alabama
"Hospital Insurance
"Registration Fee $1.00

"In consideration of the party of the second part paying to the party of the first part the sum of Seventy-Five Cents (.75¢) each calendar month in advance, The Brotherhood Insurance Company, Inc., agrees to furnish Hospital Services hereinafter mentioned.

"Hospital Services, Nursing, Board, Use of Operating Room, Ether, Medical Treatment, Surgical Treatment, X-Ray Treatment, while confined to a Hospital selected by the above named company.

"It is understood by both parties that these services are to be rendered in the ward, in a Hospital selected by the Brotherhood Insurance Company, Inc., in Birmingham, Alabama, but if for any reason the party of the second part desires a private room, the ward price will be credited to the private room and party of the second part can pay the difference of $2.86 per day.

"This service will be given to any member of the immediate family.

"Charges will be made on the following:

"Gas, $10.00; Drugs, per week, $3.00; Dressings, $3.00 per week; Blood Examination, $2.00; X-Ray Film, $2.00 each; Urinalisis, $2.00.

"This contract does not cover Venereal Diseases or Cystopic Examinations.

"Grace period of payments of dues thirty days, insurance remains in full force.

"In witness whereof, The Brotherhood Insurance Company, Inc., has caused this policy to be issued, signed and delivered by its duly authorized officers at Birmingham, this 10 day of Sept. 1927.

"The Brotherhood Insurance Company, Inc.
"W. C. Cranford, President.
"H. M. Flinn, Secretary.
"S. W. Jones, Policy Writer."

The application for the above policy was made to one J. F. Cooper, a soliciting agent of defendant company, who at that time, September 2d, issued a receipt to plaintiff for the first monthly premium. This agent at this time instructed plaintiff to go to the Woodlawn Infirmary. The policy was issued at the home office of the company and sent to plaintiff through the mail, accompanying which was a circular advertising the insurance company and having printed upon it and as a part thereof a picture of the Woodlawn Infirmary. The premiums were promptly and regularly paid, and the policy was in good standing on December 9th, when defendant's wife became sick and entitled under the policy to hospitalization as contracted in the policy. On December 9th, without any notice to defendant, plaintiff carried his wife to the Woodlawn Infirmary for treatment, where she was refused admittance. On Tuesday following the refusal of the hospital to admit plaintiff's wife, plaintiff went to the office of defendant company and asked to see Mr. Cranford, the president of the company, and was told he was out of town. Plaintiff made his business known to "a little man in the office" and left, returning no more. On December 21st afterwards, Cranford, the president, called on plaintiff and gave him a card on which was written an order to the Woodlawn Infirmary to admit plaintiff's wife, "As per contract held by Sam Harris with us." This order was signed "W. C. Cranford." Plaintiff never presented the order and made no further effort to obtain the benefits under the policy. Defendant is a corporation with W. C. Cranford as president, and the Woodlawn Infirmary is a corporation with Dr. J. H. Stephens as president. The plaintiff's wife is a negro, and no contractual or other relations are shown between defendant and the Woodlawn Infirmary whereby plaintiff's wife was to be received by the infirmary under contracts of insurance issued by defendant.

Under section 8371 of the Code of 1923, "no * * * insurance company, nor any agent thereof, shall make any contract of insurance, or agreement as to policy contract, other than is plainly expressed in the policy issued thereon." The contract therefore is contained within the four corners of the instrument sued on, into which is merged negotiations and representations leading up to its issuance by the company and delivery to the plaintiff. 32 Corpus Juris p. 1184, note 64, and authorities cited. It follows from the above that the testimony of plaintiff as to Cooper, the solicitor, instructing him at the time of taking the application to go to the Woodlawn Infirmary in case of sickness, was illegal and irrelevant. The policy reserved to defendant the naming of the infirmary.

Even if there should be evidence tending to prove a contractual relation between defendant and the Woodlawn Infirmary whereby the infirmary should furnish, generally, hospital services to policyholders of defendant at certain stipulated rates, the infirmary would have been an independent contractor, and, as to this plaintiff, such contract would be res inter alios acta, unless in such contract some agency of defendant on the part of the infirmary is shown, which is not the case here. Under the terms of the contract, the services to which plaintiff was entitled "are to be rendered in the ward, in a Hospital selected by the Brotherhood Insur-

ance Company, Inc. in Birmingham, Ala." There is no evidence in this record that plaintiff ever applied to a responsible agent of defendant for hospital services under the policy. It is in evidence that, when Cranford, the president of defendant company, became aware of plaintiff's claim, he sought out plaintiff and offered to provide the hospitalization to which he was entitled under the policy, and that plaintiff failed to avail himself of the hospital selected by defendant. The evidence utterly fails to make out plaintiff's case as laid in the complaint, and the defendant was entitled to the affirmative charge.

It becomes unnecessary to pass upon the other questions presented.

The application is granted, the affirmance is set aside, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

RICE, J., dissents.